## WILLIAMS v. WILLIAMS *et al.*

*Appeal from Lee Circuit Court—Tuesday, October* 21.

PROBATE OF WILL.

ON the 7th day of February, 1873, D. F. Miller, Sr., filed in the circuit court of Lee county, his affidavit stating the death of B. F. Williams, late of said county, on the 1st day of January, 1873, and presented and filed in court a writing as the last will and testament of said deceased. The will was opened, read and notice given of the time when the same would be proved. The defendant filed objections to the probate of the will, based upon the alleged incapacity of the testator, and of undue influence exerted over him at and about the time of the execution of the will.

The cause was tried to the court and the will was disallowed and not admitted to probate. Horace Williams appeals.

*G. W. McCrary* for the appellant — *J. H. Craig, Gilmore & Anderson* and *J. Scott Howell* for the appellee.

MILLER, J. — Among the grounds for reversal urged by appellant's counsel, is the admission of opinions by a medical witness as to the soundness of mind of the testator, which, in the view we take of the case, we find it unnecessary to pass upon. There is also a question made as to whether the action is to be regarded as in equity triable *de novo* in this court, or as a law action and entitled to the presumptions arising in favor of the verdict of a jury or the finding of the court on the facts. This question also we find it unnecessary to determine, for receiving all the evidence in the record as competent, and treating the case as an ordinary action at law, we are of opinion that upon the evidence the finding by the court that the testator was not of sound mind and disposing memory cannot be sustained. There is, in our judgment, such a want of evidence in support of the finding and judgment of the court as makes it our duty to set the same aside.

A discussion of the evidence will not be entered upon. It is not our habit to discuss the evidence in the decision of questions of fact, as such discussion serves no useful purpose. We simply state the conclusion that, in our opinion, the evidence clearly and satisfactorily shows that the testator at the time of the execution of the will was of sound mind and memory, and that there is an entire failure of proof that there was any undue influence exercised over him in the making of his will.

The circuit court should have admitted the will to probate. The cause will be remanded for that purpose.

Reversed.