SISTERS OF VISITATION ET AL. V. GLASS ET AL.

1. **Will:** PRACTICE: TRIAL DE NOVO.  A proceeding for the probate of a will is not an equitable action triable *de novo* in the Supreme Court.

2. ———: PROBATE OF: ACTION.  Such an action is a special proceeding, triable in the Circuit Court as an ordinary proceeding, and it follows the rule governing ordinary proceedings in regard to the manner of appeal and trial in the Supreme Court.

3. ———: EVIDENCE: TESTIMONY OF PROPONENT.  One of the proponents of a will cannot be permitted to testify respecting conversations with the testator, even though his testimony be offered not in his own behalf, but for the other proponents.

4. **Practice:** FINDING OF COURT.  In all actions and special proceedings not triable *de novo* in the Supreme Court, the finding of the court stands as the verdict of a jury, and will not be set aside if there is any evidence' by which it can be supported.

*Appeal from Lee Circuit Court.*

TUESDAY, DECEMBER 12.

THE appellants and proponents are legatees under the will of Bernard Slaven, and filed the will in the Circuit Court, and asked that it be admitted to probate.

The appellees and contestants, claiming to be heirs at law of said Slaven, appeared and objected to the probate, alleging that at the time of the execution of the will said Slaven was of unsound mind, and incapable of making a will, and that the same was made and obtained through duress and undue influence.  There was a trial by the court.  No special finding of facts was made, but the court "found and adjudged that said papers purporting to be the last will and testament of Bernard Slaven is not such last will and testament of Bernard Slaven, deceased, and that he died intestate leaving no last will and testament."  The proponents appeal.

*Miller & Sons, Craig & Collier* and *G. W. McCrary,* for appellants.

*Gillmore & Anderson,* for appellees.

SEEVERS, CH. J.—I. The appellees object that there cannot be a trial *de novo* in this court. Such a trial is guaranteed by

*1. WILL: practice: trial de novo.* the Constitution in equitable actions, provided the mode and manner prescribed by statute has been followed in the trial below, and the necessary steps taken and preserved to obtain such trial in this court. *Sherwood v. Sherwood*, 44 Iowa, 192.

This, however, is not an equitable action, and was not so regarded at the time the Constitution was adopted. 1 Story's Eq. Jur., § § 184, 218; *Leighton v. Orr*, 44 Iowa, 679.

II. It is, however, insisted that the Code gives such a trial in cases where all the evidence has been properly certified

*2. ——: probate of: action.* up to this court, and it is further insisted that this is not a civil action because it is not a "proceeding in a court of justice in which one party known as the plaintiff demands against another party known as the defendant the enforcement or protection of a private right, or the prevention or redress of a private wrong (Code, § 2505), but that this is a special proceeding. Code, § 2506. Conceding this to be a special proceeding the difficulty is by no means solved, for the reason that it remains to be determined how or in what way the issues in special proceedings are to be tried.

There are but two kind of issues, one of law and the other of fact, whether the action be ordinary, equitable, or in the nature of a special proceeding. Code, § 2737.

The Code does not provide or define how the issues in a special proceeding shall be tried in the Circuit or District Courts. But it does provide how issues of fact in ordinary and equitable actions shall be tried in such courts, and the general rule is that in both classes of actions the trial shall be upon oral evidence taken in open court, and that upon appeal to this court only the legal errors duly assigned can be heard and determined. Code, § § 2740, 2741.

There being no special provision for the trial of issues of fact in the class of actions denominated special proceedings, it follows that such issues must be tried in the Circuit and District Courts as an ordinary or equitable proceeding; and the mode of trial will be determined by assigning the proceeding

to whichever class it appropriately belongs. Having determined this is not an equitable proceeding, it was properly tried in the court below as an ordinary proceeding or action at law.

The general rule being that all actions and proceedings of every character can only be heard or tried in this court upon "legal errors duly presented," it becomes necessary to ascertain whether there are any exceptions thereto, and here we have no difficulty.

Section 2742 of the Code, in connection with the constitutional provision, provides for the trial of equitable actions *de novo* in this court, and this constitutes the *only* exception to the general rule.

This view is not in conflict with Code, § 3170. This section secures a review in this court in an ordinary proceeding tried to the court, when no finding of facts has been made, in all cases when the evidence has been properly certified up to this court. But it does not obviate the necessity of an assignment of errors, one of which may be that the finding of the court is against the weight of the evidence. Such an assignment of error would be considered and determined by us. The rules governing the court in such cases will be presently considered.

In equitable actions triable *de novo* in this court, no assignment of errors is required, and we consider the testimony, and determine the questions of fact presented, as in our judgment the proof preponderates, without giving any weight whatever to the finding and judgment of the court below.

The question we have been considering has not, we believe, been expressly decided by this court; certainly it was not in *Williams v. Williams*, 36 Iowa, 693, or in *Johnson v. Semple*, 31 Iowa, 49; it was held in both of these cases that viewing the actions as at law, and giving to the findings all the presumptions incident thereto, the evidence was not sufficient, and the findings were set aside.

III. We now proceed to a consideration of the errors assigned. The first is that the court erred in refusing to permit one of the proponents to testify in the case. He drafted the will, was named as a devisee

3. EVIDENCE: testimony of proponent.

therein, and was offered as a witness in "behalf of the other devisees only, and it was proposed to be proved by him that said Slaven of his own free will and choice made the bequests to the other devisees, and that neither the witness nor any one else, to his knowledge, requested said Slaven to make said bequests, and that he wrote said will upon request of said Slaven, and just as he directed, and used no influence to induce said Slaven to give or make said bequests."

The contestants testified as to their relationship to the deceased, and to facts tending to so prove, and nothing more. This does not authorize or permit one of the proponents to testify to the matters proposed to be proved by him. He is clearly within the prohibition, and his standing or that of the case is not such as to bring him within the exceptions of Code, § 3639. *Canaday v. Johnson*, 40 Iowa, 587.

IV. The remaining errors assigned amount to this, that the finding of the Circuit Court in refusing to probate the will is against the weight of evidence.

We regard the rule as well settled, and at this day not open to controversy, that, in all actions or special proceedings not triable *de novo* in this court, the finding of a court upon a question of fact stands as the verdict of a jury, and cannot be set aside if there be any evidence upon which it can be supported. *Hamilton v. Iowa City National Bank*, 40 Iowa, 307.

4. PRACTICE: finding of fact.

Although we might conclude as an original question that the weight of the evidence was against the finding, still we cannot interfere; such was the ruling in a similar case in *Havelick v. Havelick*, 18 Iowa, 414, where it is said: "Was the verdict against the evidence? Not so clearly so as to warrant a reversal. There was a mass of testimony, some of it conflicting, upon a subject very difficult to determine. That the jury might not have reached fairly and consistently the opposite conclusion, may be admitted. But the most that can well be claimed is that the case upon the testimony is one of doubt, and the verdict cannot therefore be disturbed." What was said in that case is applicable to this; the issues are the same.

In the case at bar there was evidence tending to show that Slaven, at the time the will was executed, was insane; and that the will was obtained by reason of undue influence, and the court below must have found one or both of these propositions to be true.

The evidence was conflicting, and the witnesses were examined orally in the Circuit Court. Therefore the demeanor of the witnesses while testifying had an important bearing in determining their credibility.

AFFIRMED.