CARTER v. GRIFFIN ET AL.

1. **Practice in the Supreme Court:** EXCEPTION. Where no exception was taken to the action of the court in overruling a motion for continuance and granting a default, and no motion was made to set aside the default, it was held that such action could not be reviewed on appeal.

*Appeal from Delaware Circuit Court.*

TUESDAY, JUNE 15.

ACTION to foreclose a mortgage. There was a decree for plaintiff. The defendants appeal.

*Ray B. Griffin*, for appellants.

*P. W. Crawford*, for appellee.

ADAMS, CH. J.—The question in the case arises upon the overruling of a motion for continuance. The affidavit for a continuance is in these words: "I, Dennis Ryan, being duly sworn, on oath say that the only attorney for the defendant in the cause is Charles S. Crosby, and that said Crosby has been taken dangerously ill since the court has been in session, and at present said Crosby is entirely unable to attend court, and is unable to give any information regarding the points or pleadings in the cause, owing to the state of his health. Your affiant further states that the defendant R. B. Griffin is now attending the United States Court at Des Moines, Iowa, in a matter wherein he is personally interested, and a party thereto, and when said defendant left, his attorney in the above entitled cause was in good health. I further state that I verily believe that the defendant will be ready at the next term of court, and that he has a good defense."

The record discloses no exception to the overruling of the motion for a continuance, or to the rendition of the decree. It is true it appears that the decree was rendered by default, but no application was made to set aside the default. In this condition of the record we should not be justified in disturbing the decree, whatever we might think of the merits of the defendant's motion for a continuance.

AFFIRMED.