Scott v. Neises.

## SCOTT v. NEISES.

1. **Practice in Supreme Court:** CIVIL CAUSE: NO ARGUMENT BY APPELLANT: APPEAL DISMISSED. Where the appellant in a civil cause fails to file an argument supporting his appeal, this court will not enter upon an original investigation of the cause, but will deem the appeal to have been abandoned, and dismiss it.

2. ———: QUESTION NOT RAISED BELOW NOT CONSIDERED. Where a district judge transferred a cause to the circuit court, because he had been counsel in cases of like character and involving the same issues, objection to such order, if it was erroneous, should have been made in the district court, and cannot first be considered here.

*Appeal from Marshall Circuit Court.*

FRIDAY, APRIL 20.

ACTION IN EQUITY. The plaintiff prays for the foreclosure of a mortgage, and for other relief. There was a decree for the plaintiff. The defendant appeals.

Scott v. Neises.

*J. M. Parker*, for appellant.

*H. E. J. Boardman, Brown & Carney*, for appellee.

ADAMS, J.—The appellant claims that the action is triable *de novo*. This the appellee denies. In support of his denial he points out what he claims are fatal defects in the abstract. We do not feel called upon to determine these questions. Neither party has argued the case upon the merits. Probably the appellant, being defendant, did not regard it as incumbent upon him to make any argument upon the merits, because the appellee being plaintiff, and having the right to make the opening argument, did not. But we do not think that it is the right of parties to waive all argument in this way, and cast upon the court the burden of making a complete examination of the case unaided by argument. The abstract is a voluminous one, and, as it appears to us from a cursory examination, not easily intelligible. It would be impossible for the court to properly discharge its duties, if it can be required to determine upon their merits causes of this character submitted in this way. The right of the plaintiff, appellee, to open may doubtless be waived. But where the appellant fails to file an argument, it has been our custom in civil cases to regard that as a failure to prosecute the appeal, and we think that we must so regard it here, so far as the merits of the case are concerned.

1. PRACTICE in supreme court: civil cause: no argument by appellant—appeal dismissed.

The appellant, however, presents one question which we are called upon to consider. He complains that the court erred in ordering a change of venue. The action was brought originally in the district court of Marshall county. The judge, upon his motion, transferred it to the circuit court because he had been counsel in causes of like character, and involving the same issues.

2. QUESTION not raised below not considered.

But this, we think, was at most mere error, and reviewable only on an exception. It may be true, as claimed, that the

defendant's counsel were not present when the order was made, and could not except. But they could have made a motion to set aside the order, and, if overruled, they could have excepted, and made the exception thus taken the basis of an appeal.

In the condition of the record as it is, we think that the decree must be AFFIRMED.