## STANBROUGH V. DANIELS.

1.  **Appeal**: THEORY OF TRIAL BELOW FOLLOWED. A claim made in this court, in an action to establish and enforce a lien on land, that the defendant and appellant had conveyed her interest in the premises before the action was begun, and that therefore she has no further interest in the controversy, cannot be considered, where it [appears from the record that the case was tried below on a contrary theory, and that theory was justified by the pleadings.

2.  ———: REVIEWING DEMURRER: WHAT RECORD MUST SHOW. A party desiring a review in this court of an order overruling a demurrer should elect to stand upon his demurrer, and have the record so show. It is not sufficient to have general exceptions noted at the end of a decree showing a trial on the merits. (Compare *Wilcox v. McCune*, 21 Iowa, 296.)

3.  **Pleading**: AVERMENTS OF ANSWER NOT DENIED: EFFECT. A reply does not necessarily admit the averments of the answer which it does not deny, nor waive the denial made by implication of law. (Compare *Day v. Insurance Co.*, 75 Iowa, 694.)

4.  **Mortgage**: FORECLOSURE: PARTIES. One who holds a certificate of purchase of land upon the foreclosure of a junior mortgage is, during the year allowed by law for redemption, only a lien-holder, and is not a necessary party, though a proper one, to the foreclosure of a senior mortgage; and, if no redemption is made, and a sheriff's deed is executed to him, it does not divest the lien of the senior mortgage, though such lien can be enforced against him only after his rights have been adjudicated in the manner provided by law.

Stanbrough v. Daniels.

———: ———: REDEMPTION BY PURCHASER UNDER JUNIOR FORE-
CLOSURE: TERMS OF: EQUITY.   Where two mortgages made and
filed at the same time on the same land, and which were therefore
co-ordinate liens (*Koevenig v. Schmitz*, 71 Iowa, 186), were fore-
closed, and the sheriff held a special execution on each, but sold on
one only, and plaintiff bid the whole amount due on both, includ-
ing costs, and the sheriff applied the surplus, after paying the exe-
cution on which he sold, to the satisfaction of the other execution,
*held* that, though this may have been irregular, it accomplished
just what equity would have decreed, and therefore a court of equity
rightly refused to disturb it, on the complaint of a purchaser under
a junior foreclosure, that the surplus should have been paid to her;
also, that the court, in an action to fix the terms and limit the time
of redemption by her (she not having been made a party to the
foreclosures), properly ordered that, to effect such redemption, she
should pay the whole amount bid by plaintiff, with ten per cent.
thereon from date of payment, not excepting the costs made in the
foreclosure of the senior mortgages.

*Appeal from Delaware District Court.*—HON. J. J.
NEY, Judge.

FILED, MAY 20, 1889.

ACTION in equity to foreclose a lien on real estate,
and to fix and limit the time of redemption therefrom
by defendant. A decree was rendered for plaintiff as
prayed, and defendant, Lucy Daniels, appeals.

*Henderson, Hurd, Daniels & Kiesel* and *Blair,
Dunham & Norris*, for appellant.

*Powers & Lacy* and *Yoran & Arnold*, for appellee.

ROBINSON, J.—The petition of plaintiff states that
H. P. Chapman and wife, on the twenty-second day
of March, 1882, executed on the land involved in this
action two mortgages, both of which were recorded at
the same hour in the proper records of Delaware county;
that one was in favor of Emma Chase, and the other in
favor of Enos Yoran; that actions were brought for the
foreclosure of these mortgages by the respective mort-
gagees in the district court of Delaware county, and a
decree of foreclosure rendered in favor of the plaintiff

in each case on the fifteenth day of February, 1887; that the parties then appearing of record to be the holders of liens on said land were not made parties to either action ; that the land was sold to plaintiff on the twelfth day of September, 1887, by virtue of a special execution issued on the decree in favor of said Emma Chase; that at the time of said sale the sheriff who made it held for collection a special execution issued on the decree in favor of said Enos Yoran; that on said sale plaintiff bid the amount required to satisfy both of said executions ; that he is now owner of the sheriff's certificate of sale; that he is also the owner of a decree of foreclosure rendered in favor of Mary E. Kent and against said Chapman, which is a lien on a portion of said premises senior to the liens of the two mortgages described and foreclosed as aforesaid, and that the interest thereby created is not merged in said junior decrees ; that defendant, Lucy Daniels, claims or appears to have of record some interest in said premises, but such claim or interest is junior and inferior to said liens of plaintiff. The petition asks that the said lien of plaintiff be foreclosed as against said defendant, and that her equity of redemption be fixed and limited as provided by law, not extending beyond September 12, 1888, and that general equitable relief be given. By an amendment to his petition the plaintiff alleges that the defendant, Lucy Daniels, executed a deed to one Susan E. Daniels the day before the petition in this case was filed, "conveying, or purporting to convey," all her right, title and interest in said premises to said grantee, and makes the latter a party defendant. An answer was thereafter filed by Lucy Daniels, which does not deny any material averment of the amended petition. It alleges that on the sixteenth day of February, 1886, plaintiff obtained a decree of foreclosure against Chapman, which authorized a special execution against the said premises ; that such execution was issued, and the premises sold thereunder on the twenty-second day of March, 1886, to the plaintiff; that after that sale, and before the suits of Chase and Yoran were commenced, a junior lien-holder

paid to plaintiff the full amount of the certificate of sale, and became entitled to demand the sheriff's deed to be issued thereon; that the right to demand such deed was duly assigned to said Lucy Daniels, to whom a deed was issued in due form on the seventh day of April, 1887; that neither said defendant nor her assignee was a party to the Chase and Yoran foreclosure proceedings. To that answer plaintiff filed a reply, in which it was alleged, in substance, that said defendant was estopped from asserting a right in said premises superior to the liens of plaintiff, for the reason that the decree through which she claims title duly recognizes such liens to be superior to said decree. To the reply said defendant filed a demurrer, which was overruled. The decree recites the filing of the demurrer and the ruling thereon, and shows that evidence was introduced by the plaintiff. At the end of the decree is a statement as follows: "To all of which the said Lucy Daniels excepts," but the record does not show any other exception by her, nor does it show that she elected to stand upon her demurrer. The decree provided that unless redemption was made from the sale of September 12, 1887, on or before September 12, 1888, by the payment of the full amount represented by the certificate of sale, then all right of defendant to the premises should be barred and forever foreclosed.

I. It is insisted by appellee that the record shows that appellant sold and conveyed her interest in the premises in controversy before this action was commenced, and that in consequence she has no further interest in the matters in controversy    It is true that appellant does not allege in terms that she has or claims an interest in said premises, and that the amendment to the petition, which is not denied, avers that the day before the petition was filed appellant "executed a deed to one Susan E. Daniels, conveying or purporting to convey" all her right and title to the premises. But the petition also charges that appellant "claims or appears to have of record" some right or title to the premises, and that, not being

1. APPEAL: theory of trial below followed.

denied by the answer, must be taken as admitted. The reply of plaintiff as originally filed contained a division which pleaded that appellant had fully conveyed her interest in the premises before the petition was filed. Appellant thereupon moved that she be dismissed. Pending the motion, that division of the reply was withdrawn, and the motion was then overruled. It is clear that the cause was tried in the court below on the theory that appellant had some right or title to the premises, and made some claims thereto, and we are of the opinion that the pleadings justified that course.

II. Appellant has assigned errors with the view of having the ruling of the district court on the demurrer reviewed. It is claimed by appellee that no exception to such ruling was taken, and that appellant did not elect to stand on her demurrer. The general exception noted at the end of the decree indicates that exceptions to all rulings set out in the decree were taken. But that is not sufficient for the purposes of appellant. She should have elected to stand on her demurrer, if she desired to preserve her rights thereunder, and the record should have shown that fact. The taking of an exception was not sufficient. *Wilcox v. McCune*, 21 Iowa, 296. We fail to discover any indication in the record that appellant elected to stand on her demurrer, while it appears that there was a trial on the merits. The alleged errors involved in the overruling of the demurrer must therefore be disregarded.

2. ——: reviewing demurrer: what record must show.

III. The evidence offered on the trial in the court below has not been certified and made of record as required by law. Some alleged evidence is set out in the record by various means, but it cannot be considered. Notwithstanding that fact, appellant asks a reversal of the decree, and insists that the pleadings show that it is erroneous; that the answer admits most of the allegations of the petition, and sets out certain matters in defense; that these matters are admitted by the reply; and that the facts so admitted are sufficient to show that the decree should

3. PLEADING: averments of answer not denied: effect.

be reversed. The reply does not, however, necessarily admit the averments of the answer which it does not deny, nor waive the denial made by implication of law. *Day v. Insurance Co.*, 75 Iowa, 694. The reply in this case admits, for the purpose of the pleas in estoppel, that appellant claims title by virtue of a certain decree, a copy of which is set out, and a sale by virtue of a special execution issued to satisfy the same; but it is not such an admission of a material fact as shows the decree in this case to be erroneous.

IV. If it be conceded that the averments of the answer are substantially admitted for all the purposes of the case, as claimed by appellant, then we are justified in finding from the pleadings, the admissions of appellant, and the presumptions as to what was established by the evidence in which we must indulge, that the material facts of the case are substantially as follows · Both parties claim through H. P. Chapman. He had executed a first mortgage on a part of the premises in controversy, which was assigned to Mary E. Kent. It was foreclosed, and the decree of foreclosure was assigned to plaintiff, who now holds it as a separate claim against a part of the premises. No sale has been made by virtue of it. Chapman afterwards executed two other mortgages, one of which was in favor of Emma Chase, the other being in favor of Enos Yoran. Those mortgages were executed at the same time, were recorded at the same hour, and were foreclosed on the same day. Neither was senior to the other, and the premises were held for the payment of both. *Koevenig v. Schmitz*, 71 Iowa, 176. Chapman executed a fourth mortgage, which was foreclosed, and the premises were sold by virtue of a special execution issued to satisfy the decree of foreclosure. There was no redemption from that sale, and appellant became the holder of the title conveyed by the sale and sheriff's deed. The decree under which she claims was rendered on the sixteenth day of February, 1886. Mary E. Kent and others were made parties defendant in the action in which it was rendered, and the liens of all, excepting

4. MORTGAGE: foreclosure: parties.

that claimed by Mary E. Kent by virtue of the first mortgage executed by Chapman, were decreed to be junior to the lien of the plaintiff in that action. Whether her lien was senior or not was not determined. Chase and Yoran were made parties to that action, but it was dismissed as to them without an adjudication of their rights. The premises were sold March 22, 1886, to the plaintiff in this action. Appellant thereafter became the owner of the rights conferred by the sheriff's certificate of sale, and received a sheriff's deed on the seventh day of April, 1887. Neither appellant nor her assignee were made parties to either of the actions for the foreclosure of the Chase and Yoran mortgages, although their interests were shown of record. The actions last named were commenced after the premises in question were sold to appellant's assignees, but the decrees therein were rendered before appellant was entitled to a sheriff's deed. The premises were sold by virtue of the special execution issued to satisfy the Chase decree on the twelfth day of September, 1887, or after the sheriff's deed to appellant had been duly executed and recorded. At the time of said sale a special execution to satisfy the Yoran decree had been issued and levied upon the premises, but no sale was made thereunder. Plaintiff bid for the premises an amount sufficient to satisfy both executions, and the price he paid was so applied. It is insisted by appellant that the proceedings to foreclose the Chase and Yoran mortgages were illegal, for the reason that she or her assignor was the owner of the sheriff's certificate of sale when the actions were commenced, and when the decrees were rendered; that she was so far the owner of the premises as to be a necessary party to the foreclosure proceedings. That she was a proper party may be admitted, but we are of the opinion that she was not a necessary party. She was not in possession of the premises, nor was she entitled to such possession. Her interests could have been terminated at any time prior to the twenty-third day of March, 1887, without her consent, and without bringing her into court, by a redemption from the

sheriff's sale, made as provided by law. Until she became entitled to a deed her claim was in the nature of a lien, and there was no more necessity for making her a party to the suits in question than there was for making any other lien-holder such a party. When the sheriff's deed was executed to her she became entitled to the possession of the premises, and was then owner, subject, however, to the liens of the several mortgages and decrees under which plaintiff now claims. Her ownership did not divest those liens, although they can be enforced against her only after her rights have been adjudicated in the manner provided by law. This action was brought to determine those rights, and to fix a time within which she can redeem, and we are of the opinion that it can be maintained. We must presume that the evidence sustained the decree as to priorities of the liens in controversy.

V. It is insisted by appellant that the amount fixed by the decree for her to pay in case she redeems is excessive. The amount so fixed is the

5. ——: ——:
redemption by purchaser under junior foreclosure: terms of: equity.

amount for which the premises sold, with interest thereon at ten per cent. per annum from date of sale. The theory of plaintiff is that, as she was the owner of the land when the sale was made, the amount realized from it in excess of the sum required to satisfy the Chase mortgage should have been paid to her, and should not have been applied in satisfaction of the Yoran execution. It may be that the proceedings in question were not entirely regular, but they accomplished just what a court of equity would have decreed. *Koevenig v. Schmitz, supra.* The special executions were designed to enforce liens which were in all respects equal excepting as to amounts. Plaintiff bid the amount necessary to satisfy both for the purpose of extinguishing both liens. An equitable result having been reached, a court of equity will not disturb it. It is further said that appellant should not be required to pay the expenses of the foreclosure proceedings and sale, but they were legitimate results of senior liens, of which she had notice when she

acquired her interest. The original mortgage debts were merged in the decrees, and they were satisfied by the sale to plaintiff. We think he is entitled to recover the amount fixed by the decree.

VI. The conclusions we have reached make a consideration of other questions presented by counsel unnecessary. The time within which redemption may be made from the sale of September 12, 1887, is extended for the period of ninety days next following the filing of this opinion. In other respects the decree of the district court is                                    Affirmed.