EUNICE HAWKINS, Appellee, v. GRANT HAWKINS, Appellant.

**Appeal:** PRACTICE: DEMURRER.

*Appeal from Polk District Court.*—HON. J. H. HENDERSON, Judge.

WEDNESDAY, JANUARY 28, 1891.

ACTION in chancery by a wife against a husband to recover for support. A demurrer to the petition was overruled, and a demurrer to the answer was sustained, and, the defendant failing to plead further, a judgment was entered against him upon a default. He now appeals.—*Affirmed.*

*Phillips & Harvison,* for appellant.

*Thomas A. Cheshire,* for appellee.

BECK, C. J.—I. The petition alleges the marriage of the parties; that immediately thereafter the defendant deserted the plaintiff, wilfully, and without her fault, and has never returned to her; that a son has been born to the parties, who, when the petition was filed, was about one year old; that plaintiff and her son are in destitute circumstances, and that defendant is receiving sufficient wages to enable him to support them. On the sixth of September, 1886, defendant filed an answer denying that he is the father of the child, and alleging that he was by certain threats compelled to marry plaintiff, which he did, with the understanding that he would never live with her, and that he is in poor health, and receives a salary of thirty dollars per month, which is barely sufficient for his own support. An additional abstract filed by plaintiff, which is not denied, and must, therefore, be taken as true, shows the following facts: September 17, 1886, a demurrer was filed by plaintiff to the answer of defendant, which was sustained on the twenty-ninth day of October following. The defendant did not elect to stand on his answer. Prior to this ruling, October 28, 1886, defendant, by leave of the court, and with the consent of plaintiff's counsel, filed his demurrer to plaintiff's petition, based upon the ground that the facts alleged in the petition do not entitle plaintiff to the relief demanded. The demurrer was overruled on the sixth of November, 1886. To this ruling defendant excepted, and had ten days in which to answer, making no election to stand on his demurrer. The defendant failed to answer as required by the rule made in the case, and thereupon a default was entered against him, and a decree thereon was rendered, after hearing and considering the evidence, granting the relief prayed for by plaintiff. The evidence is not brought before us on this appeal, but the case is presented upon an assignment of errors.

II. The cause cannot be tried here *de novo* as the evidence is not before us. It is triable only upon errors assigned. *Cross v. Railroad,* 51 Iowa, 683. The case has accordingly been submitted to us for determination upon an assignment of errors made by defendant, which is based alone upon the rulings of the court below upon the demurrers.

III. The defendant, by answering the petition after he had demurred thereto, waived the error, if any there was, in overruling his demurrer to the petition.

IV. By failing to stand on his answer, and by taking time to further plead to the petition, after his demurrer thereto had been over-ruled, he waived the error, if any there be, in the court's ruling sustaining the petition. By failing to stand on his demurrer, and by obtaining leave to plead over, he, in effect, admits that the ruling on the demurrer is correct. See decisions of this court cited in 2 McClain's Dig., pp. 316, 317.

In accord with these familiar rules the decree of the circuit court is AFFIRMED.