SARAH J. DENBY, Appellant, v. L. C. FIE, A. J. FIE and D. C. CAIN.

**Demurrer: WAIVER:** *Appeal.*  An order overruling a demurrer to a petition asking for the modification of an injunction because of a change in the law since the decree was entered will be reviewed on appeal although the party appearing made no further appearance after excepting to the ruling made on the demurrer. It being a case without a waiver by pleading over or securing time to plead and not one in which the law tenders an issue without further pleading, no formal election to stand on the demurrer was necessary.

**Modification of Decree.** A decree permanently enjoining defendant from selling liquors will not be modified for the sole reason that

1 there has been a change in the liquor law since the decree was rendered, which permits the sale of liquor under certain condi-

2 tions; since, if the law of itself modifies the decree, a decree of court is not necessary, and, if it does not modify it, the court has no power so to do under petition.

Attorney's fees. Attorney's fees for defending a petition to modify

4 a decree cannot be taxed against a petitioner, in the absence of statute.

*Appeal from Sioux District Court.*—Hon. F. R. Gaynor, Judge.

Wednesday, October 12, 1898.

Appeal from an order overruling a demurrer interposed by plaintiff to a petition filed by defendants, asking the modification of a decree restraining defendants from selling intoxicating liquors in violation of law.—*Reversed.*

*J. H. Powers* for appellant.

*Milt. H. Allen* for appellees.

Deemer, C. J.—The original decree was passed in the year 1893, and it permanently enjoined the defendants from selling or keeping for sale intoxicating liquors upon a certain lot in the town of Hull, or elsewhere within the Fourth judicial district. Thereafter, what is known as the "Mulct Law" was enacted, authorizing the sale of liquors under certain conditions not necessary to be further mentioned. Defendants filed their petition, asking for a modification of the original decree so that they might sell intoxicating liquors under the provisions of that act. Plaintiff demurred to the petition, and the demurrer was overruled, and exception taken. No further appearance was made on behalf of plaintiff, and she was adjudged to be in default for want of a pleading. The decree then recites that defendants introduced their evidence, and established all the allegations of the petition; and a modification of the original decree

was granted as prayed. The appeal is from the ruling on the demurrer.

Defendants insist that the case cannot be considered, for the reason that plaintiff did not stand on her demurrer. The rule seems to be if one, after an adverse ruling on demurrer or motion, pleads over or secures time to plead, he, by so doing, waives the error in the ruling. And it has likewise been held that, where the law tenders an issue without the filing of further pleadings, he who would take advantage of an order overruling a demurrer must stand upon the pleading in order to have his case reviewed. *Wilcox v. McCune,* 21 Iowa, 294. The case at bar does not fall under either of these rules. The plaintiff did not ask for further time to plead, nor did she in fact file any other paper. The record shows that she excepted to the ruling made on the demurrer, and made no further appearance. The petition, although denominated a petition for modification of an injunction, is really a bill of review, or in the nature of a bill of review, and does not stand denied by operation of law, as would a petition to reverse, vacate, or modify a judgment, under the provisions of Code 1873, sections 3154, 3155, *et seq.* In such case it is not necessary that the record show a formal election to stand on the demurrer. If it affirmatively appears that the defeated party did not waive the error in the ruling, it is sufficient. This is practically the holding in the *Wilcox Case,* and the rule there announced is not modified by the subsequent cases of *Standbrough v. Daniels,* 77 Iowa, 561, and *Hawkins v. Hawkins,* 82 Iowa, 718. The demurrer in the *Standbrough Case* was to a reply which was denied by operation of law, and in the *Hawkins Case* the demurrer was to an answer, which was also denied by operation of law. Our conclusion finds support in the case of *Jaylor v. Langworthy,* 37 Iowa, 555.

II. The action is to modify a decree which was properly granted; because of a change in the law long after the decree was entered. Claim is made that such relief may be granted, upon the theory that a court of equity may at any time modify,

amend, or vacate its decree. It is true that a court of equity has such power; but, as a general rule, relief is granted because of fraud, mistake, or misconduct in obtaining the original decree, as in the cases of *Partridge v. Harrow,* 27 Iowa, 96; *Bowen v. Mill Co.,* 31 Iowa, 460, and *Hoskins v. Hattenback,* 14 Iowa, 314. There is no such claim in this case. On the contrary, it is conceded that the decree was properly granted, and relief is sought against it for the sole reason that there has been a modification of the law since the decree was passed. There are cases where a proceeding in the nature of a bill of review may be brought on account of new matter which has arisen since the decree was entered, but we do not think this is one of them. If defendants are entitled to a modification of the decree, it is because of the enactment of what is known as the "Mulct Law." And, if we should hold that this law did modify the decree, we would simply be deciding an abstract proposition, of which, as we shall see, defendants are not entitled to avail themselves. In other words, if the law of itself modifies the decree, no decree of court is necessary to establish that fact. If it does not modify it, then the court has no power to do so. These propositions are so self-evident that we need not say more. Again, there is no allegation in the petition that the Mulct law is in force in Sioux county or the town of Hull, no statement that defendants have complied with any of the conditions of that law if it is in force, and no showing that they are in position to avail themselves of the provisions suspending penalties for the illegal sale of liquors. Courts are not given to deciding abstract questions in order that parties may be advised as to their rights before an actual controversy has arisen respecting such rights. We are of opinion that the demurrer should have been sustained.

Plaintiff asks us to tax attorney's fees for defending against the petition. There is no statute which authorizes such an order, and, in the absence of statute, it is clear that she is not entitled to them. The judgment is REVERSED.