J. K. BARNES and M. H. SCHUSSLER, Appellants, v. CENTURY SAVINGS BANK ET AL., Appellees.

**Pleadings:** WAIVER OF OBJECTION.  Any error in ruling upon a motion to strike, or for a more specific statement, is waived by an amendment to the pleading objected to.

**Appeal:** EXCEPTION TO RULINGS: REVIEW.  The appellate court will not consider rulings made upon the trial to which exception has not been duly taken.

**Pleadings:** MOTIONS: ORAL ARGUMENT.  Counsel have no absolute right to orally argue a matter which is for the consideration of the trial court; and failure to give opportunity for oral argument in resistance to a motion to strike, or for a more specific statement, is not reversible error.

**Same:** APPEAL.  As a rule an appeal will not lie from a ruling on a motion to strike, or for a more specific statement.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

TUESDAY, MAY 3, 1910.

ACTION to cancel certain notes given by plaintiffs to defendant bank, and to secure the return of certain securities deposited by them. Defendants filed motions to strike and for more specific statement, which were sustained, and also filed a counterclaim or cross-petition. From the rulings on the motions, plaintiffs appeal.—*Affirmed.*

*W. T. Maxey* and *H. G. Gearhart,* for appellants.

*Dale* and *Harvison,* for appellees.

DEEMER, C. J.—Plaintiff Schussler has dismissed his appeal since the case came to this court, and, so far as he is concerned, there is nothing to consider.

Barnes' appeal is from rulings on a motion to strike parts of his petition and for more specific statements therein. The exact nature of the case need not be considered. Suffice it to say that it is an action to secure the cancellation of certain notes given by plaintiff to the defendant bank, and to secure the return of certain securities deposited with the bank as collateral to these notes. Defendant filed a motion to strike parts of the original petition and for a more specific statement in other parts. This motion was submitted, and the trial court made the following order thereon: "Sustained. It is hereby ordered that defendant be given ten days in which to plead." Thereafter and on October 15th plaintiffs filed an amendment to their petition, evidently intending to conform to the rulings of the trial court on the motions; and to this amendment defendant filed another motion to strike and for a more specific statement, etc. This motion was based, among other things, upon misjoinder of parties defendant. The motion had many specifications and was submitted to the court on January 19, 1909, resulting in the following order: "This cause comes on this day for hearing on motion to strike and make more specific statement, and the

court, being fully advised in the premises, sustains same as to paragraph 1, the first half of paragraphs 2, 3, the first half of paragraph 4; all of 5-A, 6-A, 7 and 8. Ten days from January 30, 1909, to amend or replead." On January 23, 1908, defendant filed an answer and counter-claim. Instead of amending or repleading, as authorized in the order of January 19th, plaintiffs perfected an appeal to this court by serving defendant with notice of appeal on February 6, 1909.

I. From this recitation of the record it will be observed that plaintiffs did not except to the rulings on the motions. On the contrary, after the first order was made, they filed an amendment to their petition, thus waiving any error in the ruling on the first motion, especially in view of the fact that no exception was taken to the ruling when made or afterwards.

1. PLEADINGS: waiver of objection.

Again, the ruling on the second motion to strike etc., was not excepted to. In view of this record there is nothing for us to consider. The universal holding of this court has been that we will not consider any ruling of the trial court to which an exception is not duly taken. *Beason v. Jonason,* 14 Iowa, 399; *Eason v. Gester,* 31 Iowa, 475; *Richards v. Hintrager,* 45 Iowa, 253; *Cain v. Story,* 15 Iowa, 378; *Carter v. Griffin,* 54 Iowa, 62; *Scott v. Neises,* 61 Iowa, 62; *Powers v. O'Brien,* 54 Iowa, 501; *Hodgin v. Toler,* 70 Iowa, 21; *Fink v. Mohn,* 85 Iowa, 739; *Spelman v. Gill,* 75 Iowa, 717.

2. APPEAL: exception to rulings: review.

II. Appellants complain of the fact that the trial court did not permit oral argument upon the motions, but took up and ruled upon the motions without notice to appellants' counsel. These facts do not appear in the record; but, if they did, they would not be ground for reversing the orders of the trial court. The statute does not give attorneys

3. PLEADINGS: motions: oral argument.

the absolute right of oral argument upon any matter which is for the consideration of the trial court.

III.   Plaintiffs' right to appeal would in any event be very doubtful, even had he a record which we might consider.   He was given the right to amend or replead, and as a rule an appeal will not lie for a ruling on a motion to strike and for a more specific statement. *Allen v. Church,* 101 Iowa, 116; *Chamberlan v. Brown,* 144 Iowa, 601; *Bank v. Dutcher,* 128 Iowa, 413; *State v. D. M. R. R. Co.,* 135 Iowa, 694. However, as plaintiffs took no exception to the rulings complained of, they are not in a position to challenge them.

4. SAME: appeal.

The rulings must, therefore, be, and they are, *affirmed.*