C. DILLARD, Appellant, v. JOSIE VAN HEUKELOM, Appellee.

**JUDGMENT:   Vacation—Payment—Insufficient Defense.** A judgment defendant who, when sued on a note, pleads a *general denial,* and is by casualty prevented from appearing on the day of trial, may not complain of the refusal of the court to set aside the judgment on the belated plea that, when he executed the note, he issued his check in payment of the note, and that the check had been paid, without any showing as to the *time* of such payment.

**JUDGMENT:   Conclusiveness—Nonadjudicated Issue—Money Had and Received.** A defendant who, because of his failure to appear and defend, suffers a judgment on an obligation for the payment of which he had, long prior to judgment, issued his check, which check

had been paid, but not applied, may maintain, against the payee of the check, an action for the amount thereof, such liability not having been adjudicated in the action on the obligation.

*Appeal from Mahaska District Court.*—D. W. HAMILTON and CHARLES A. DEWEY, Judges.

NOVEMBER 11, 1924.

A PROCEEDING at law, brought under the provisions of Section 4091 *et seq.* of the Code of 1897, to vacate a judgment, and for a new trial. The defendant herein is the judgment plaintiff in a former case, and obtained judgment against this plaintiff, as a defendant therein, for $1,735.57. There was a demurrer to the petition, which was sustained, with leave to the plaintiff to amend. An amendment being filed, a motion to strike the same was sustained. Judgment was entered dismissing the petition. The plaintiff has appealed.—*Affirmed.*

*McCoy & McCoy*, for appellant.

*T. J. Bray*, for appellee.

EVANS, J.—The motion to strike the amended petition was sustained on the ground that such amendment added nothing material to the petition to which demurrer had been sustained.

1. JUDGMENT: vacation: payment: insufficient defense.

Such motion to strike was equivalent to a demurrer to the petition as amended, and the ruling of the court on the motion was equivalent to the sustaining of a demurrer to the petition as amended. We shall, therefore, consider the sufficiency of the facts pleaded in both petition and amendment thereto.

The petition was predicated upon Subdivisions 2 and 5 of Section 4091 of the Code of 1897. The grounds were, in substance: (1) That the defendant herein was guilty of fraud in the prior action, in taking judgment against the plaintiff herein when he knew that he had received full payment of his note from this plaintiff; (2) that the judgment entered against this plaintiff was the result of casualty and misfortune which prevented this plaintiff from presenting his defense.

In the consideration of the question before us, the plaintiff is entitled to the benefit of all facts pleaded by him in his petition to vacate. It appears from his petition that, when sued, he employed reputable counsel, who appeared for him and filed an answer in general denial; that he relied upon such counsel to keep him advised as to the time the case should come on for hearing; that they failed to do this, and the case went to judgment in the absence of this plaintiff, and without his knowledge that the case had been reached; that he had a good defense to the note, in that, on the day of the execution of the note, he issued to the payee thereof his two checks for the payment thereof, with an agreement that they were to be held until this plaintiff should deposit funds in his bank account to meet the same; that thereafter, such checks were paid; that such payment constituted a full discharge of the note. This defense of actual payment by the collection of the checks is necessarily admitted by the demurrer. It is a fact of the first importance, and makes a strong appeal to the discretion of the court. The weakness of the petition is that there is no statement therein as to when such checks were paid, whether pending the suit or before the suit was brought. Nor is there any statement that plaintiff ever advised his attorneys of the fact of such payment; nor any explanation why he failed to so advise them. It does appear that he filed a verified answer to such suit, which contained a general denial, and no more. No explanation is offered why the defense now presented was not then included in the answer. From the facts now pleaded by the plaintiff, it is clear that the defense of a general denial set up by him in the former action was not meritorious. He did, in fact, execute and deliver the note sued on. The only real defense he had was that of payment. No explanation is offered why he withheld the only defense he had, and pleaded a defense that was not true. If the fact be that the checks were collected after the prior suit was brought, and after defendant's answer had been filed, such fact would tend to explain the defect of the former pleading. But nothing of the kind appears in the petition or in its amendment. The mere general allegation in the petition that the checks were paid is too general to justify us in setting aside the former judgment

and in overruling the discretion of the trial court, without more definite and unequivocal allegations upon so important a contention, and without some explanation of the failure to plead in the former suit a defense so complete and so readily provable. We feel constrained, therefore, to sustain the ruling of the trial court, and to hold the petition insufficient in its allegations. We do this all the more readily because the setting aside of this judgment is not essential to the adequate protection of this plaintiff, if it be true that the defendant collected the

2. JUDGMENT: conclusiveness: nonadjudicated issue: money had and received.

checks in question and failed to properly apply the proceeds thereof. The liability of this defendant for the proceeds of the collected checks was not adjudicated by the judgment, in the absence of any pleading presenting such issue. This plaintiff, therefore, may seek independent redress in a separate action, if the facts be as contended by him in argument here. The note sued on was given for the purchase price of property sold by the payee to the payor. It had, therefore, its own independent consideration, and its original validity is in no manner dependent upon the checks.

We reach the conclusion, therefore, that the judgment below must be affirmed, without prejudice to this plaintiff to seek other direct remedy for the proceeds of the checks alleged to have been collected. Needless to say that we make no pronouncement or intimation that the facts pleaded herein entitle him to recovery. We hold only that the question thus raised is not adjudicated by the judgment under attack.

The order of the trial court is, therefore, affirmed.—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.