In re Estate of John Delaney.

January 23, 1929.

*Maurice P. Cahill* and *Clearman & Olson*, for appellant.

*Walter M. Davis*, for appellee.

MORLING, J.—The motion to strike was, as treated by the parties, and accepted by the court, in substance a demurrer. *Eckles v. Des Moines Casket Co.*, 152 Iowa 164; *Haworth v. Newell*, 102 Iowa 541. The case is triable by ordinary proceedings (*Sisters of Visitation v. Glass*, 45 Iowa 154); but, if by equitable proceedings, the motion would, under Section 11130, Code of 1927, on the same principle be the equivalent of a motion to dismiss. The court, on sustaining the motion, gave the objector ten days to further plead, and comply with the ruling. Objector excepted, but did not, so far as the record shows, elect to stand upon her objections, nor was any judgment entered against her. The court might give her further time to amend. For all that appears, the court did not preclude itself from changing its ruling. Ordinarily, an appeal will not lie from a ruling on motion to strike, or for more specific statement (*Barnes v. Century Sav. Bank*, 147 Iowa 267), unless the appellant has elected to stand upon his pleading. *Depping v. Hansmeier*, 202 Iowa 314. The ruling was made on April 7, 1927. On June 30, 1927, objector filed petition to establish lost will. This went to trial, was dismissed, and appeal was taken to this court, in which affirming opinion is filed. *In re Estate of Delaney*, 207 Iowa 448. The question raised by the motion for more specific statement is, therefore, moot. The objection to the probate of the will made under Section 11891, Code of 1927, was, in substance, a plea of the statute of limitations. To obtain a review of that ruling in this court, it was necessary for objector to stand upon her plea, or to submit to judgment against her. It does not appear that she did so stand, or that judgment was entered against her. She is, therefore, presenting a hypothetical question. *Devoe v. Dusey*, 205 Iowa 1262, and cases there cited; *Stanbrough v. Daniels*, 77 Iowa 561. A different situation was presented in *Schultz v. Consolidated Ind. Sch. Dist.*, 200 Iowa 293.—*Dismissed.*

All the justices concur.