H. H. LANG, Appellee, v. EVERETT WALLER, Appellant.

No. 45971.

AUGUST 11, 1942.

REHEARING DENIED NOVEMBER 27, 1942.

Free & Free, of Sioux City, for appellant.

Robert B. Pike, of Sioux City, for appellee.

HALE, J.—June 2, 1941, plaintiff filed petition to recover $250, balance of commission of $375 alleged to be due him from defendant for procuring a purchaser of 480 acres of land on February 27, 1941, under oral contract. On June 16, 1941, defendant filed answer denying generally, and also filed a counterclaim for $345, alleging violation by plaintiff of his instructions and no authority to sell the entire farm. The entire farm was,

however, sold to the purchaser procured by the agent, but such sale was alleged not to be in accordance with the original authority granted the agent, which authority was alleged to have been revoked prior to the procurement and appearance of the purchaser.

No more than the above brief summary of the issues presented by the petition and counterclaim need be given, since the case must be determined on grounds shown by the court record. The dates of the court proceedings are of importance since the dispute between the parties, in part at least, concerns such dates.

Defendant, on June 17, 1941, filed demand for jury trial. On July 1, 1941, plaintiff filed motion to strike defendant's counterclaim, alleging four grounds therefor. On August 18, 1941, the court sustained this motion, defendant excepting. On August 21, 1941, defendant was granted ten days to plead but no pleading was filed. On September 11th, by agreement of parties, jury was waived and trial originally set for September 17th, but, apparently by agreement, or without objection, the case was called for trial September 15, 1941, counsel for both plaintiff and defendant appearing. The court's entry shows such appearances, that the evidence of the plaintiff was introduced and hearing had, finding for the plaintiff and against the defendant, and judgment for $250, interest and costs. Defendant offered no testimony, but immediately following the declaration of such judgment the defendant, by his attorney, stated that he refused to plead further and stood upon the ruling of the court striking the defendant's counterclaim on August 18, 1941.

Defendant appeals from the action of the court in sustaining the motion to strike defendant's counterclaim. The only error alleged, and the reason stated, was that "it deprived the defendant of any defense to the cause of action alleged in plaintiff's complaint and thereby denied the defendant his day in court, or a right to have matters relevant and pertinent to the main issue, tried and determined." The motion to strike, the sustaining of which is complained of, is, in substance: (1) That the counterclaim stated no cause of action out of which any damage accrued; (2) that the alleged cause of action is not

958

the proximate cause of the damages asked; (3) that the counterclaim is redundant, irrelevant, and frivolous; (4) that the damages claimed were shown to have arisen solely from the voluntary act of the defendant in executing a different contract.

It will be noticed that the error assigned was not that the grounds of the motion were not good, but that the effect of the court's ruling was prejudicial. Of course the mere fact of the ruling's being prejudicial is not sufficient. It must be erroneous, and, if so, also prejudicial. But the striking of the counterclaim did not strike also defendant's general denial. The counterclaim was not a defense. Johnson, Lane & Co. v. Nash-Wright Co., 121 Iowa 173, 96 N. W. 760; Haywood v. Seeber, 61 Iowa 574, 16 N. W. 727.

The motion consisted of four grounds. Neither one nor all were attacked, nor was error assigned, except as above stated. It is incumbent upon the defendant to establish that the motion was not good upon any ground. This he has not done. Slippy Engineering Corp. v. City of Grinnell, 226 Iowa 1293, 286 N. W. 508. See, also, Walling v. Iowa Mut. L. Co., 228 Iowa 503, 510, 292 N. W. 157; St. Peter v. Pioneer Theatre Corp., 227 Iowa 1391, 1395, 291 N. W. 164, and cases cited. Nor was there any specific statement of errors, in compliance with Rule 30, but a mere omnibus assignment. Gregg v. Middle States Util. Co., 228 Iowa 933, 293 N. W. 66, 132 A. L. R. 415, and cases cited.

On the record the case should be affirmed. No question is raised that the motion to strike may not be treated as a demurrer. And see Dillard v. Van Heukelom, 198 Iowa 915, 200 N. W. 567; In re Estate of Delaney, 207 Iowa 451, 223 N. W. 486; Lyons v. Farm Property Mut. Ins. Assn., 188 Iowa 506, 176 N. W. 291; Haworth v. Newell, 102 Iowa 541, 545, 71 N. W. 404.

 The record in this case is shown above, and shows that after the motion was sustained on August 18th, the pleadings upon which the case stood for trial were plaintiff's petition and defendant's general denial. Thus there was an issue. There was then no election of defendant to stand upon his counterclaim; the defendant took time to plead, waived jury trial, the case was assigned for trial, defendant, by counsel, appeared at the trial, and until the ruling of the court was entered did not elect to stand upon the court's ruling on the motion. This was

not a judgment suffered for want of pleading. It would be no election. The litigant cannot await the result and then choose his course of action. Hansen v. Independent Sch. Dist., 193 Iowa 417, 186 N. W. 922, 21 A. L. R. 260; Schwartz v. Consolidated Sch. Dist., 225 Iowa 1272, 282 N. W. 754; Hawkins v. Hawkins, 82 Iowa 718, 47 N. W. 994; Wilcox v. McCune, 21 Iowa 294; Denby v. Fie, 106 Iowa 299, 76 N. W. 702; Stanbrough v. Daniels, 77 Iowa 561, 42 N. W. 443; In re Estate of Delaney, 207 Iowa 451, 223 N. W. 486.

Plaintiff filed motion to dismiss the appeal and affirm the judgment, the grounds therefor being much the same as we have referred to above. Since the case should be affirmed upon the record, no ruling on the motion is necessary.

We therefore hold that there is not presented any error that calls for a reversal of the ruling or judgment of the municipal court. There was filed herein a supersedeas bond for the amount of the judgment, interest, and costs, and it is ordered that the cause be affirmed and remanded to the municipal court with instructions to enter judgment on said bond according to the terms thereof.—Affirmed with instructions.

WENNERSTRUM, C. J., and MILLER, GARFIELD, SAGER, STIGER, and BLISS, JJ., concur.

OLIVER, J., concurs in result.