ALLERTON-CLIO-LINEVILLE COMMUNITY SCHOOL DISTRICT, appellant, v. COUNTY BOARD OF EDUCATION (Wayne and Decatur Counties) et al., appellees; CAMBRIA-CORYDON COMMUNITY SCHOOL DISTRICT (Wayne County), intervenor.

No. 51969.

(Reported in 140 N.W.2d 722)

March 8, 1966.

H. S. Life, of Oskaloosa, for appellant.

T. C. Poston, of Corydon, Wayne County Attorney, and R. W. Burdette, of Leon, Decatur County Attorney, for appellees.

W. W. Reynoldson of Killmar, Reynoldson & Harvey, of Osceola, for intervenor.

Rawlings, J.—This appeal involves a question not heretofore determined by us as to the legality of reorganization of school districts already reorganized under chapter 275, Code, 1962.

The factual presentation on this appeal leaves much to be wanted. However it appears that at all times concerned the Allerton-Clio-Lineville Community School District, hereinafter referred to as the A-C-L District, comprised an area located for the most part in the southwest corner of Wayne County, with a portion in the southeast corner of Decatur County. And, the Cambria-Corydon Community School District, hereinafter referred to as the C-C District, was located in the central part of Wayne County.

Both of these districts were organized pursuant to the provisions of chapter 275.

In 1963 proceedings were initiated and procedural steps taken to reorganize the Wayne Community School District in Wayne and Decatur Counties.

It was proposed this be done by attaching portions of both the A-C-L District and C-C District to the Wayne District.

Since no issue is raised on this appeal as to procedural steps taken, we must assume they were statutorily proper.

The State Department of Public Instruction ultimately approved the project, this decision being later affirmed by the district court.

Plaintiff appeals.

I. At the outset plaintiff sets forth an omnibus or blanket assignment of propositions and points relied upon for reversal. It contains ten alleged grounds. This does not comply with rule 344, R. C. P., and will not be considered by us. Lang v. Waller, 232 Iowa 956, 958, 5 N.W.2d 145, and Gregg v. Middle States Utilities Co., 228 Iowa 933, 956, 293 N.W. 66, 132 A. L. R. 415.

In any event, these purported propositions and points being neither properly presented nor argued are deemed waived. Central Ready Mix Co. v. John G. Ruhlin Constr. Co., 258 Iowa 500, 507, 139 N.W.2d 444, 448, and B-W Acceptance Corp. v. Saluri, 258 Iowa 489, 499, 139 N.W.2d 399, 405.

II. Despite some doubts on the matter, it may be conceded plaintiff does assert one proposition for our consideration. Actually we resolve this doubt in plaintiff's favor largely as a matter of grace, because of an apparent need for determination of the one proposition involved. Kirchoff v. Humboldt Com. Sch. Dist., 253 Iowa 756, 757, 113 N.W.2d 706; Rosin v. Northwestern States Portland Cement Co., 252 Iowa 564, 577, 107 N.W.2d 559; and Potter v. Robinson, 233 Iowa 479, 481, 9 N.W.2d 457.

III. The sole question here presented, as put to us by plaintiff, is as follows: Can reorganized school districts established under chapter 275 of the Code of Iowa, after such reorganization again be reorganized in such a way as to deprive a reorganized school district of a portion of its territory established by reorganization under chapter 275 of the Code of Iowa?

The answer to that question is an unqualified yes, provided the requisite statutory steps or procedures are followed.

There is no good cause to belabor the matter at any great length.

There is nothing sacrosanct about boundaries of organized or reorganized school districts.

We have held the same land cannot be within the jurisdic-

tion of two *pending* reorganization proceedings at the same time. State ex rel. Harberts v. Klemme Community Sch. Dist., 247 Iowa 48, 51, 72 N.W.2d 512. But that issue is not before us in the case here at hand.

In Wapello County Bd. v. Jefferson County Bd., 253 Iowa 1072, 1077, 115 N.W.2d 212, this court stated: "We have several times said that in matters of reorganization of school districts we will liberally construe the law with a view to promoting a better structure of the schools in the state. Turnis v. Board of Education in and for Jones County, 252 Iowa 922, 938, 109 N.W.2d 198, 208; Branderhorst v. County Board of Education, 251 Iowa 1, 6, 99 N.W.2d 433, 435, 436; Board of Education in and for Franklin County v. Board of Education in and for Hardin County, 250 Iowa 672, 676, 95 N.W.2d 709, 711, 712."

Finally we look to the intent of the legislature which chapter 275 clearly expresses.

The relevant portion of section 275.1 provides as follows: "It is hereby declared to be the policy of the state to encourage the reorganization of school districts into such units as are necessary, economical and efficient and which will insure an equal opportunity to all children of the state. In conformity to the county administration law, chapter 273, the county board of education in each county of the state shall initiate detailed studies and surveys of the school districts within the county and territory adjacent thereto for the purpose of promoting such reorganization of districts by unions, mergers, reorganizations or centralization as will effect more economical operation and the attainment of higher standards of education in the schools."

Then section 273.13(12) says the county board of education shall: "With the assistance of the county superintendent and the co-operation of the boards of the districts within the county, plan and supervise the orderly reorganization of districts, by union, merger or centralization, into larger and more efficient attendance and administrative units. No reorganization shall be submitted to a vote of the people of the district until the plan of reorganization has been referred to and approved by the county board of education."

And finally, section 275.6 declares: "It is the intent of this

chapter that the county board shall carry on the program of reorganization progressively and shall, insofar as is possible, authorize submission of proposals to the electors as they are developed and approved."

We have been referred to no provision in chapter 275 of the Code, or any other relevant statutes, which precludes reorganization of reorganized school districts.

IV. The decision of the trial court must be affirmed.

Affirmed. Costs taxed to plaintiff.

All JUSTICES concur.