WINET v. BERRYHILL.

1. **Superior Courts:** JURISDICTION OF. The jurisdiction of superior courts in cities extends throughout the county, except in the matter of appeals from justices of the peace.

2. **Practice:** CHANGE OF VENUE: AMENDMENT OF AFFIDAVITS. Where a motion for a change of venue is overruled because of the insufficiency of the affidavits supporting it, and the party is granted leave to amend the affidavits, he may properly do so by substituting new ones in their stead.

3. ———: PLEADING: "TRIAL." Where a defendant files a plea to the jurisdiction of the court, a demurrer to which is sustained, he has the right after such ruling to answer in bar, the ruling on the demurrer not being a " trial " within the meaning of section 2732 of the Code.

4. **Practice in the Supreme Court:** BILL OF EXCEPTIONS. No bill of exceptions is required where an appeal is taken from a decision on a matter of law, and the judgment of the court shows an exception to such decision.

*Appeal from Superior Court of Cedar Rapids.*

SATURDAY, DECEMBER 18.

ACTION AT LAW. There was a judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*Mitchell & Smyth,* for appellant.

*Rickel, West & Eastman,* for appellee.

BECK, J.—I.   The defendant filed a plea to the jurisdiction of the court, alleging that neither plaintiff nor defendant resides in the city of Cedar Rapids, nor in the townships wherein the city is located, the plaintiff being a resident of Fayette county, and the defendant being a resident of Marion township, Linn county; that the action is not brought to recover personal property, nor is it founded upon an instrument of writing for the payment of money at any particular place, and that service was not had upon the defendant in the township within which this action was brought.   A demurrer to this defense was sustained.   This ruling is the foundation of the first objection presented in argument by defendant's counsel.

*1. SUPERIOR courts: jurisdiction of.*

The question here presented involves the consideration of the territorial extent of the jurisdiction of the Superior Courts.   The defendant insists that in civil actions it is confined to the township or townships in which the city is situated wherein the court is established, while the plaintiff maintains that in all civil cases, except appeals from justices of the peace, the jurisdiction is concurrent with the District and Circuit Courts throughout the county.

The statute under which Superior Courts are organized, (chapter 143, acts of Sixteenth General Assembly; Miller's Code, page 130; McClain's Statutes, page 140), provides as follows:

" Section 6.   Said court shall have jurisdiction concurrent with the District and Circuit Courts, as now and hereafter provided by law, except where said courts respectively have exclusive jurisdiction, and except actions for divorce, and of all appeals and writs of error in civil cases from justice's courts within the township or townships in which the city is located, and by consent of parties from justice's courts in other townships in the county, said appeals and writs of error to be taken in the same time and manner as if the same were taken to the Circuit Court, and the exclusive original jurisdiction to try and determine all actions, civil and criminal, for

the violation of city ordinances, and all the jurisdiction con-
ferred upon police courts, as now and heretofore provided by
law, and all the jurisdiction co-extensive and concurrent with
justices of the peace, in all actions, civil and criminal, as now
are or may be hereafter provided by law, and for the trial of
criminal actions shall be open at such times and under such
rules as the court shall prescribe."

The defendant's counsel insist that the words of the section
" within the township or townships in which the city is loca-
ted," qualify the preceding clause relating to the jurisdiction
of the court; that the section under this construction would
read as follows:

" Said court shall have jurisdiction concurrent with the Dis-
trict and Circuit Courts within the township or townships in
which the city is located." But this construction violates
the rules of our language by extending the qualifying ad-
junct " within the township or townships in which the city
is located " to a subject not within the independent clause of
the sentence wherein it is found. By supplying the words
understood in this clause, the error of defendant's construc-
tion is made apparent. The reading, with the words under-
stood fully supplied, would be as follows: " Said court shall
have jurisdiction concurrent with the District and Circuit
Courts as now and hereafter provided by law, except, etc.,
and [said court shall have jurisdiction, etc.], of all appeals
and writs of error in civil cases from justice's courts within
the township or townships in which the city is located."

Now, with the proper words suppled, it is very plain that
the qualifying adjunct of the sentence in question cannot be
applied to the subject of the clause preceding the conjunction.
It is no less a violation of the rules of the language to so
apply it when the words are understood and not expressed.
The obvious meaning of the language of the section is that
the Superior Courts shall have concurrent jurisdiction of
cases originally brought therein throughout the counties, and
of appeals and writs of error from justice's courts held within

the townships wherein the cities are situated.   This point demands no further consideration.

II.   After the demurrer to defendant's answer was sustained, defendant filed his motion, supported by affidavits, for 2. PRACTICE: a change of venue, based on the alleged prejudice change of venue: of the judge of the court, which was overruled. amendment of affidavits. Thereupon defendant had leave to file an amended affidavit in support of his motion within the time fixed by the order granting leave to amend.   New affidavits complying with the law were filed, to which exceptions were taken on the ground that the motion had been overruled, and the affidavits do not purport to be amendments of the old affidavits, but are new ones.   The exceptions also assail the affidavits upon the ground of defects both in form and substance.

We think the proper way to amend a defective affidavit is to substitute a new one sufficient in form and substance.   It would surely be improper to add to the words of the old affidavits by way of amendment, and while it might not be improper to supply the omitted parts in a separate and new affidavit, it is surely the better practice to supply a new instrument which shall be perfect within itself.

The new affidavit was filed upon leave granted by the court. Of course the motion stood for decision when the amended affidavit was filed.   The motion was held to be insufficient, because of defects in the original affidavits.   The granting of leave to file an amended affidavit suspended the decision upon the motion until it was filed.   Plaintiff's objections above stated were not well taken.

Other objections to the new affidavit, on the ground that it was defective in substance and is not sufficiently attested by the officer who administered the oath, have no foundation. The affidavit contained the substance, and is in the form, required by law.   The officer's certificate shows that a lawful oath was administered to the affiants.

III.   Counsel for plaintiff insist that the motion for the

change of venue came too late, for the reason that after the decision upon the demurrer defendant could not answer further, and, therefore, there was nothing to try, as plaintiff was entitled to judgment upon the pleading. This position is based upon Code, § 2732, which is as follows:

3. ——: pleading: "trial."

" Matter in abatement may be stated in the answer or reply, either together with or without causes of defenses in bar, and no one of such causes shall be deemed to overrule the other, nor shall a party after trial on matter of abatement be allowed in the same action to answer or reply matter in bar."

Counsel claim that the decision of the demurrer is the trial contemplated in this section. The term trial is applied to the determination of issues of fact, not issues of law. Bouvier's dictionary. This statute does not, therefore, prohibit a party filing a plea in abatement, which has been held bad on demurrer, to further answer.

IV. The defendant, pending the consideration of the motion for a change of venue and of a motion of plaintiff for judgment upon the demurrer, asked leave to file an answer, which was refused. This decision, it follows from our ruling upon the preceding point, is erroneous. The defendant had a right to answer, which should not have been denied.

V. Plaintiff insists that the abstract does not purport to contain all the evidence or affidavits used in the case, and does not show the existence of a bill of exceptions. There was no evidence given in the case, and the abstract sets out the affidavits filed in support of the motion for a change of venue. Nothing more is necessary in order to present the points of the case. The judgment shows exceptions to the decision of the court. A bill of exceptions is not necessary in this case.

4. PRACTICE in the supreme court: bill of exceptions.

REVERSED.