## WHITAKER v. DALY et al.

Courts: SUPERIOR COURT OF COUNCIL BLUFFS: TERRITORIAL JURISDICTION. By section 3, chapter 198, Laws of 1884, and chapter 134, Laws of 1886, the district court held at Avoca, Pottawattamie county, was given original and exclusive jurisdiction of all civil cases arising in the territory in said county lying east of the west line of range forty, and the effect of that legislation was to take away the jurisdiction of the superior court of Council Bluffs in said territory. So that said superior court had no jurisdiction of a cause to foreclose a mortgage on land lying in said territory, made to secure notes payable at a place in said territory, in which, also, the defendants lived and were served with the original notices in the action. But whether such jurisdiction was restored by section 1, chapter 40, Laws of 1888, which took effect after this cause was determined, quaere.

78   31
86  593.

*Appeal from Council Bluffs Superior Court.*—HON. E. E. AYLESWORTH, Judge.

FILED, JUNE 1, 1889.

ACTION for the foreclosure of a mortgage upon certain real estate. There was a decree for the plaintiff. Defendants appeal.

*C. H. Converse*, for appellants.

*Flickinger Bros.*, for appellee.

ROTHROCK, J.—It appears from the record in the case that the mortgaged property is situated in Pottawattamie county, and east of the west line of range 40; that the defendants resided east of said line in said county; that they were served with the original notice in the action at a place east of said line; and that the promissory notes secured by the mortgage were made payable at a place east of said line. The defendants made the question that the district court of said county at Avoca has exclusive jurisdiction of the action. The court held otherwise, and the ruling on this question is the only ground urged in argument for the reversal of the judgment and decree.

It was provided by section 3, chapter 198, Laws 1884, that the circuit court held at Avoca, Pottawattamie county, should "have original and exclusive jurisdiction * * * of all civil cases * * * arising in the territory in said Pottawattamie county east of the west line of range forty." When the circuit court was abolished by chapter 134, Acts, 1886, the same jurisdiction was conferred upon the district court at Avoca. See *Milner v. Railway Co.*, 77 Iowa, 755. It is very plain that under these provisions of the statute this action could not have been maintained in the district court at Council Bluffs. The object of the statute was to divide the county for the transaction of part of its judicial business; and, to make the division effectual, and to accommodate the inhabitants of the eastern part of the county, the court held in that part of the county was given exclusive jurisdiction of civil cases within the territory named. The question to be determined by

this appeal is whether this statute affected the jurisdiction of the superior court of Council Bluffs. The law under which the superior court was organized provided that it should "have jurisdiction concurrent with the district and circuit courts as now and hereafter provided by law, except where said courts have exclusive jurisdiction and except actions for divorce." Chapter 143, Laws, 1876. In *Winet v. Berryhill*, 55 Iowa, 411, it was held that the jurisdiction provided for in the act referred to was co-extensive with the county within which the superior court was organized. Until the passage of the act providing for terms of the circuit court at Avoca, there is no doubt that the court below had jurisdiction of such actions as the case at bar. But by the passage of that act, giving exclusive jurisdiction to the circuit court at Avoca, the jurisdiction of the superior court was as plainly taken away as if the statute had in so many words so declared. Counsel for appellee cite us to section 1, chapter 40, Acts, 1888, which provides that superior courts "shall have jurisdiction in all civil matters concurrent with the district court, as now and as may hereafter be provided by law, except in probate matters and actions for divorce, alimony and separate maintenance." It will be observed that this last act omits the exception as to the exclusive jurisdiction of the district and circuit courts which was contained in the act of 1876, and it may be a question as to whether the jurisdiction of the superior court may not now extend to the eastern division of Pottawattamie county. But we do not determine the question, because it does not arise in this case. The act of 1888 did not take effect until the fourth day of July in that year, and this action was commenced, tried and determined before that time. It must be decided here without reference to said act, and should have been so determined in the court below. REVERSED.