A. MARCOVIS et al., Appellants, v. COMMONWEALTH INVESTMENT COMPANY, Appellee.

No. 43695.

JUNE 15, 1937.

Brammer, Brody, Charlton & Parker, for appellants.

Casper Schenk, for appellee.

PARSONS, J.—Plaintiffs, A. Marcovis, Clara Marcovis and Aliber & Co., Inc., filed a petition in equity against the Commonwealth Investment Company. The petition sets out the corporate character of Aliber & Company, and of the Commonwealth Investment Company, and states that on or about December 28, 1934, plaintiffs and defendant entered into a contract for the sale and purchase of the following described real estate, situated in the City of Des Moines, County of Polk and State of

Iowa, to wit: Lot Thirty (30) in Keo Way, Plat 1; that plaintiffs were ready, willing and able to carry out their part of the contract, and set out the dates and amount of the installments due on said contract, being: $400 on December 28, 1934; $40 on February 10, 1935, and $40 on the 10th day of each month thereafter until May 10, 1935, or a total of $560; that there was interest due on this amount at six per cent per annum, and plaintiffs prayed for judgment against the defendant, foreclosing the contract.

The contract was in an offer to sell, which was set out as Exhibit A to the petition. The total price of the property was to be $2,000; that $1.00 in cash was paid to one Hockett, agent, pending exchange of final papers; $400 was to be paid upon acceptance of the offer, and the balance to be paid as heretofore set out. All taxes on the property were to be paid by the seller, and arrangements were made in regard to special assessments, etc.; and a provision was made that in case either party failed to fulfill his part of the contract, the other party might at his option forfeit the contract by thirty days' notice, or may proceed by action at law or equity to enforce the same. The contract provided that if the offer were not accepted by the buyer before February 10, 1935, it became null and void, and the first payment was to be returned without liability on the part of said agent to either party. If accepted, it became a binding contract for the sale and purchase of said described property.

An amendment to the petition charged that the premises were being allowed to depreciate; that there was a tenant in possession who was far in arrears in rent, and that the rents and profits therefrom were in danger of being lost; and the amendment prayed for the appointment of a receiver.

On the 23d day of July, 1935, defendant filed a motion to dismiss, on several grounds, saying among other things: That the purported contract set forth in said petition mentions an "exchange of final papers", the character of which was not described; that there is no such sub-division or lot as described, in the City of Des Moines; that the contract says nothing about the kind of deed to be given by plaintiff, whether warranty, special warranty, or quitclaim; and it leaves unsettled the adjustment of interest rates and insurance; and the contract is not enforceable in equity because of the incompleteness, ambiguity and uncertainty appearing on its face. The defendant also raised the

question as to the abstract; that it failed to show that plaintiffs performed the essential conditions precedent to their right to sue, by securing an abstract of title "showing good and merchantable title", setting out paragraph 5 of the petition of plaintiffs as follows:

"5.   The owner is to continue the abstract to the date of the contract, showing good and merchantable title, free and clear of all taxes, assessments, liens and encumbrances, other than those specified, except building restrictions."

As the fourth ground of the motion to dismiss the defendant alleged the plaintiffs' petition failed to show that plaintiffs before the commencement of this action, or at any time since, delivered to or tendered "final papers", including a deed or any other evidence of conveyance, as provided in said contract.

Further in paragraph 5, the defendant set out the 9th paragraph of plaintiffs' petition which said that if the purchaser failed to fulfill his part of the contract, he should pay to the seller a sum equal to the amount of said commission, and any additional expense incurred by the seller as liquidated damages; that the seller assigns to the agent the claim for commission; that the advance payment was to be forfeited and same was assigned to the agent to apply on the commission.  Nothing was said of this in the petition.

The plaintiffs on September 26, 1935, moved for the appointment of a receiver, and on October 14, 1935, the defendant filed an amendment to motion to dismiss, setting out additional grounds for dismissing motion; that plaintiffs' petition shows on its face that they are not entitled to a foreclosure of any contract or lien, for each of the reasons set out under paragraphs 1 to 5 of defendant's motion to dismiss, and for the further reasons that no conveyance has ever been made to defendant; no possession was ever taken by it, no transfer of title to any "interest" was ever made to plaintiff sufficient to carry an implied lien; no express lien was reserved by plaintiff; and, under the allegations of said petition, the question of foreclosure is moot.

On October 15, 1935, plaintiffs filed an amendment to petition setting forth they had an interest in the real estate described, but alleged their interest and title to the premises are prior and superior to that of the defendant.

On November 22, 1935, the district court, after hearing de-

fendant's motion to dismiss, and after an examination of the records and files and hearing arguments of counsel, and having considered the brief submitted, and being fully advised in the premises, said:

"It is Therefore Upon Consideration, Ordered, Adjudged and Decreed that plaintiffs' petition be and hereby is dismissed and the Clerk is directed to tax the costs herein to plaintiffs, to all of which plaintiffs, and each of them, duly except."

This order of the court bore the following notation:

"11-22-35 O. K. as to form, Brammer, Brody, Charlton & Parker."

On December 6, 1935, the plaintiffs made application to the court stating: That on or about November 22, 1935, an order was entered in the above entitled cause sustaining defendant's motion to dismiss and dismissing plaintiffs' petition; that plaintiffs desire to plead over and to file an amended petition, and prayed the court to grant plaintiffs permission to plead over, to set the application down for hearing and prescribe notice therefor.

To this defendant made special appearance in resistance, on December 16, 1935, on the following grounds:

1. Plaintiffs' application is insufficient for any purpose in that it states no legal or equitable grounds or reasons to confer jurisdiction on the court or to justify the relief demanded.

2. Plaintiffs' application comes too late.

3. The issues between these parties are res judicata.

4. Having approved the form of the decree plaintiffs are bound thereby.

5. The court will not modify a decree where neither legal nor equitable grounds therefor are pleaded.

On January 4, 1936, the court entered an order overruling the application for right to plead over. An appeal was perfected, abstracts and arguments have been filed, and the matters are now up to this court for consideration.

A careful consideration of this matter leads us to the conclusion that as section 11130 provides for a motion to dismiss in equity, it is by demurrer.

It will be observed that the court, on November 22, 1935, on the hearing of the motion, ordered the case dismissed, and an

order was prepared by the defendant's attorneys following out the verbal direction of the court, and this was marked "O. K. as to form" by the plaintiffs' attorneys.

The court in making the ruling it did, without giving leave to the plaintiffs to amend their petition, or to plead over, or to elect to stand upon the ruling, peremptorily entered the order dismissing the case. We think this was error; that the court should have permitted the plaintiffs to plead over, and the case should not have been peremptorily dismissed. The court should have only sustained the motion, and then, within the time fixed by the court, or within the time allowed in such cases, plaintiffs could have pleaded over, and the case could then have gone on in its regular order, and could have been disposed of by the court. For these reasons we think the court was in error, and the case must be, and therefore, is reversed.—Reversed.

RICHARDS, C. J., and ANDERSON, DONEGAN, MITCHELL, HAMILTON, KINTZINGER, SAGER, and STIGER, JJ., concur.