MARY EUGENE SCHWARTZ, Plaintiff, Appellee, v. CONSOLIDATED SCHOOL DISTRICT of Cosgrove, Defendant, Appellant, ROB CAMPBELL et al., Intervenors, Appellants.

No. 44351.

DECEMBER 13, 1938.

Wilson, Clearman & Brant, for appellant.

Edward J. Grier, and Merrill Gilmore, for appellee.

Truman S. Stevens and Edward L. O'Connor, for intervenors.

RICHARDS, J.—Plaintiff declared upon a written contract by the terms of which she claims she was employed by the defendant school district to teach in its school. Plaintiff alleged she rendered the agreed services and asserted full performance on her part. She demanded judgment against defendant school district for $550, the compensation that allegedly was specified in the contract.

Plaintiff appeared by attorneys, who filed her petition on April 19, 1937. An answer to this petition was prepared and filed by plaintiff's attorneys, in which were set out certain defenses. Plaintiff's attorneys procured the president of defendant school board to sign the answer. It was filed April 29, 1937. To this answer the same attorneys prepared a demurrer and filed same on May 5, 1937. The ground of the demurrer was that the matters set out in the answer did not constitute a defense. Plaintiff's attorneys submitted this demurrer to the court without representation of defendant by counsel. The demurrer was sustained on July 30, 1937. During August 1937 an amended and substituted answer of defendant school district was forwarded to the district judge, who had sustained the demurrer, by Edward L. O'Connor, purporting to be acting as attorney for the school district. One of the officers of the school district and an attorney who did not appear of record in the case told the judge that O'Connor was not the school district's attorney and that he had no authority to represent it. Apparently the substituted and amended answer was not filed, though there appears to be a record with reference thereto that it was withdrawn in November 1937.

On October 4, 1937, Rob. Campbell, Tom Taylor, John Campbell, and Frank N. Crow filed their petition of intervention, uniting with the defendant school district in resisting the claim of plaintiff. Intervenors alleged that they had an interest in the matter in litigation, as tax payers of defendant school district, and that their interests were against the plaintiff. They also alleged that defendant school corporation had failed, neglected, and refused to file a proper answer to plaintiff's petition

or to make proper defense thereto, and intervenors set out in the petition of intervention apparently material defensive matters additional to those found in the answer prepared by plaintiff's attorneys. Thereafter on October 9, 1937, the defendant school district filed a pleading stating that the district "has elected and does hereby elect to stand on its original answer filed in this cause, and intends to appeal to the supreme court of Iowa from the ruling of the court sustaining the plaintiff's demurrer to defendant's said answer." On October 15, 1937, plaintiff filed a motion to strike the petition of intervention, the grounds of which will be noted later in this opinion. Resistance to this motion to strike was filed by intervenors on October 22, 1937. On November 15, 1937, defendant school district filed a notice of appeal to the supreme court from the ruling sustaining plaintiff's demurrer to defendant's answer. This notice had been served on plaintiff's attorneys on November 10, 1937. Apparently this notice of appeal was abandoned, there having been no judgment entered against defendant at the time of the attempted perfecting of an appeal. The notice of appeal on which defendant school district now relies is dated December 31, 1937. On November 17, 1937, plaintiff's motion to strike the petition of intervention was presented and argued and taken under advisement by the court. On November 20, 1937, before the court had ruled on the motion to strike the petition of intervention, plaintiff filed a motion for judgment against the defendant school district. On the same date and before there was a ruling on the motion to dismiss the petition of intervention or on the motion for judgment, intervenors filed a resistance to plaintiff's motion for judgment and to defendant's election to stand on the ruling on the demurrer. On the same day, November 20, 1937, the presiding judge entered an order, reciting the filing of the various pleadings above set out, and in the order stated "the court declines to rule upon pleadings and questions of procedure that are raised by counsel who have not been retained or authorized to appear by their purported clients. Before the above matters will by this court be deemed submitted and before ruling will be made thereon, it will be the requirement of the court that defendant through its president or other officers and each and all of intervenors appear personally before this court, or a judge thereof, or have presented to the court articles, contracts or directions of employment of counsel to

represent them respectively in said cause and it is so ordered.''
The court's reason for the order are stated therein, i. e., that certain facts had been obtained by the court from the counsel and the parties, which facts the court believed to be true. Among these facts as set out by the court in the order were these:

"Edward J. Greer and Merrill Gilmore, attorneys for plaintiff, prepared and filed the original petition in this cause. Defendant did not appear by attorneys and no attorney entered his appearance for defendant. Plaintiff's attorneys drew, prepared and filed the answer of defendant to such petition and procured the president to sign same. Attorneys for plaintiff prepared and filed a demurrer to such answer. At the hearing upon such demurrer defendant was not represented by counsel, although the questions involved were fairly presented and authorities for and against same were submitted to the court.

"During August, 1937, Edward L. O'Connor, allegedly representing the defendant, attempted to file an amended and substituted answer, but members of defendant school board and an attorney advised the court that defendant had not employed Mr. O'Connor and that he had no authority to represent it in court, and thereafter Mr. O'Connor withdrew the answer and same was never filed in the office of the Clerk.

"The election of defendant to stand upon its answer filed October 9, 1937, although signed by the president of defendant, was prepared and filed by attorneys for plaintiff, or other attorneys at their instance and request.

"The withdrawal of the amended and substituted answer of defendant, (which answer prepared by Mr. O'Connor was never filed), filed on November 12, 1937, was prepared by Wilson, Clearman & Brant, who were brought into this cause and retained by Edward J. Greer and Merrill Gilmore, attorneys for plaintiff, and who at that time had not been retained by the defendant.

"The 'Notice of Appeal to the Supreme Court' from the ruling of the Court on plaintiff's demurrer to defendant's answer, was prepared, served and filed by Wilson, Clearman & Brant, purporting to act for defendant. Wilson, Clearman & Brant were not at the date of this order ever retained by defendant, but prepared, served and filed such notice of appeal at the instance, request and solicitation of Greer and Gilmore,

attorneys for plaintiff, and without the knowledge or consent of the defendant.

"This court was informed by one of the intervenors aforesaid that intervenors had not actually employed Mr. O'Connor or Mr. Stevens to represent them but Mr. O'Connor and Mr. Stevens were retained by a New York or Washington organization of some sort.

"This court has never been before asked to pass upon important questions of law such as are raised in this cause, when both plaintiff and defendant were represented by counsel for plaintiff, or those retained by counsel for plaintiff. At no time during the progress of this cause has any attorney entered his appearance for defendant and defendant through its answer advised the court that it at no time employed counsel in this cause.

"The court is not at all sure or satisfied that the counsel purporting to act for intervenors were employed by or are legally authorized to represent them in this cause."

The court also stated that it had never been confronted with a similar situation and that the court was blaming no one and was not attempting to accuse counsel or any of them of any unethical practice. To comply with the order of November 20, 1937, intervenors on December 2, 1937, filed a written showing, signed by them and by the attorneys who had been appearing for them. On December 23, 1937, the court entered an order sustaining plaintiff's motion to strike from the files the petition of intervention. On the same day, December 23, 1937, the court entered a judgment in favor of plaintiff against the school district. In this judgment, following a recital that on July 30, 1937, the court sustained plaintiff's demurrer to defendant's answer, and that defendant has filed its election to stand on the ruling of the court sustaining said demurrer, and that defendant has served on plaintiff and has filed in the office of the clerk a notice of appeal to the supreme court of Iowa from the ruling on said demurrer, the entry proceeds to state, "It is, therefore, ordered and adjudged that plaintiff have and recover from the defendant the sum of $550.00 with interest * * * and for costs of this action." On January 3, 1938, defendant school district perfected an appeal that purports to be from the judgment and from the ruling on the demurrer to defendant's

answer. On February 23, 1938, intervenors perfected an appeal which purports to be from the judgment and from the ruling sustaining plaintiff's motion to strike the petition of intervention from the files, and from the ruling on July 30, 1937, sustaining the demurrer to defendant's answer, and from each and every other order entered in said cause.

When the petition of intervention was filed the condition of the record was this; the defendant school district had made no election to stand on its pleading; plaintiff had made no demand that defendant make an election in that respect; no default had been entered against defendant; plaintiff had made no demand for entry of default or for final judgment against defendant. In such a state of the record the defendant school district could have amended or pled over as a matter of course at any time before plaintiff took advantage of any default there may have been. Redhead v. Iowa Nat. Bank, 123 Iowa 336, 98 N. W. 806. It was when this right to amend the answer still existed that intervenors became parties to the action, uniting with defendant in resisting the claim of plaintiff, by filing their pleading which set up additional defensive matters. Intervenors were proceeding under the provisions of section 11174, Code 1935, which provides, inter alia, that any person, who has an interest in the matter in litigation, may become a party to an action by uniting with the defendant in resisting the claim of the plaintiff, and may do so either before or after issue has been joined in the cause, and before the trial commences. This the intervenors attempted to do, making themselves parties, uniting with the defendant, and setting up in their petition of intervention apparently material defensive matters not alleged in the answer to which the demurrer had been sustained. No question was raised as to intervenors having had a right so to do, the only attack on the petition of intervention being that found in plaintiff's motion that it be stricken. The grounds of that motion were that the petition of intervention was filed after the ruling on the demurrer to the answer "in which the demurrer was sustained, and after the defendant had determined to appeal to the supreme court upon the correctness of the ruling of the trial court, which election was made a matter of writing and filed with the clerk of the district court of Johnson County, Iowa, on the 9th day of October 1937; that the petition of intervention was filed too late and that the petitioners' petition

1278

was filed at such time, and after answer and trial as to give their petition no force or effect.''

The proposition found in this motion that the petition of intervention was filed ''after answer and trial'' or ''after the determination of the court upon the issues before it'' as is the argument of plaintiff, is unsound, in that the decision on the demurrer had not disposed of the defense raised by the answer. Whether such ruling would dispose of the case upon issues of law still depended on the volition of the defendant. Before it could be said that there had been a trial and determination of the case on the issue of law presented by the demurrer, it was necessary that defendant abandon its right to trial upon issues of fact. ''A ruling on a demurrer in and of itself settles nothing. It becomes an adjudication only if the defeated party chooses to make it such.'' Hansen v. Independent School District, 193 Iowa 417, 186 N. W. 922, 924, 21 A. L. R. 260; Wilcox v. McCune, 21 Iowa 294. See, also, Winet v. Berryhill, 55 Iowa 411, 7 N. W. 681. There had been no abandonment of the right to trial upon issues of fact prior to the filing of the petition of intervention. It follows that the petition of intervention was not filed after the cause had been determined upon issues of law. The filing within due time of the amendment to the answer by a party entitled so to do deprived the ruling on the demurrer of any characteristics of a final adjudication. Under section 11174, intervenors had the right to make themselves parties to the action, and as such parties to set up as they did additional defensive matter in resisting the claim of plaintiff. The trial of the cause then became something to be had in futuro upon issues of fact, subject of course to an issue of law again arising upon demurrer to the petition of intervention.

Appellee also urges matters not contained in its motion to strike, i. e., that to permit the petition of intervention to be filed would cause delay, would cause new issues to be raised, and would of necessity require the taking of evidence and would delay the proceedings. We find nothing in the record that would sustain these objections even had they been set out in the motion.

The trial court erred in sustaining the motion of plaintiff to strike from the files the petition of intervention. It follows that the court further erred in entering the judgment against the school district. The reason is found in section 11175, Code 1935, which provides that ''the court shall determine upon

the intervention at the same time that the action is decided * * *." This the court failed to do, although the petition of intervention was properly on file and presented defensive factual matters that were not contained in the original answer. The entry of judgment, as above shown, was founded on the theory that the ruling on the demurrer had become a final determination of the case. On intervenors' appeal the case is reversed and remanded with instructions that the order sustaining plaintiff's motion to strike the petition of intervention, and striking said petition of intervention from the files, and also the judgment entered against defendant, be expunged and annulled, and that such further proceedings be had as may. be proper and lawful. In view of the foregoing conclusions, we are of the opinion that consideration of the appeals of defendant and intervenors from the ruling on the demurrer, would at this time be premature. Appellee's motion to strike intervenors' denial and amendment of abstract is overruled.—Reversed and remanded, with instructions.

SAGER, C. J., and STIGER, ANDERSON, and MILLER, JJ., concur.