**NESPER SIGN AND NEON COMPANY, Inc., An Iowa Corporation, Appellant,**

v.

**Eugene H. NUGENT, d/b/a Nugent's Chuck Wagon, Appellee.**

**No. 53510.**

Supreme Court of Iowa.

June 10, 1969.

Cahill, Lovelace & Poula, Iowa City, for appellant.

William L. Meardon, Iowa City, for appellee.

STUART, Justice.

This is an appeal from the ruling of the trial court sustaining defendant's motion to dismiss plaintiff's petition. Plaintiff filed its petition on July 24, 1968 alleging Eugene H. Nugent, d/b/a Nugent's Chuck Wagon had defaulted on a written lease and service agreement and owed plaintiff $6,405.75. The petition also contained the allegation Eugene H. Nugent was the owner and operator of a business under the name and style of Nugent's Chuck Wagon.

The contract, exhibit A, attached to the petition was prepared by plaintiff on a form which included the printed words "corporation", "partnership" and "individual" following the space for the lessee's signature. Lessee signed the agreement "Nugent's Chuck Wagon by Eugene H. Nugent". The word "corporation" was circled.

The trial court found: "The defendant is named in the petition as Eugene H. Nugent, d/b/a Nugent's Chuck Wagon. Exhibit A attached to the plaintiff's petition shows that the defendant, Nugent's Chuck Wagon is a corporation. Therefore, the plaintiff is not entitled to any relief against the defendant named in the petition and has sued the wrong party." Plaintiff appeals from this ruling. We reverse.

There was little need for this appeal. Plaintiff had the right to plead over after the trial court sustained the motion to dismiss. Anthes v. Anthes, 255 Iowa 497, 504, 122 N.W.2d 255, 259; Schwartz v. Consolidated School District of Cosgrove, Johnson County, 225 Iowa 1272, 1278, 282 N.W. 754, 757; Marcovis v. Commonwealth Inv. Co., 223 Iowa 801, 805, 273 N.W. 888, 890; Swartzendruber v. Polke, 205 Iowa 382, 386, 218 N.W. 62; Liken v. Shaffer, 64 F.Supp. 432, 445. An amendment stating that the word "corporation" was circled by mistake (if such were the case) would have eliminated any question. It is difficult to understand why plaintiff stood on the pleadings and risked a final adjudication against it. Brown v. Schmitz, 237 Iowa 418, 422, 22 N.W.2d 340, 342–343.

Our settled rule is that a doubtful pleading directly attacked by motion before issue is joined will be resolved against the pleader. Gardner v. City of Charles City, 259 Iowa 506, 508, 144 N.W.2d 915, 917; Winneshiek Mutual Insurance Association v. Roach, 257 Iowa 354, 366, 132 N.W.2d 436, 444. However, we do not believe the motion to dismiss should have been sustained here. Plaintiff's petition states a cause of action. We cannot say the petition shows on its face that plaintiff sued the wrong party. The attached exhibit indicates a corporation rather than an individual was involved, but this is not conclusive in view of the pleading in the petition that defendant was doing business as an individual.

"We conclude a motion to dismiss is limited to the failure to state any claim in which *any* relief can be granted. Such motion is now almost as unnecessary as the similar obsolete pleading of demurrer. [Citations] Other available proceedings for disposition of matters on their pleadings after answer virtually eliminate the need or use of the motion to dismiss for failure to state a claim. [Citations] We find further support for this position in

the case of Liken v. Shaffer, 64 F.Supp. 432, at 446, where the court said:

" 'A motion to dismiss is only sustainable where it appears to a certainty that a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him.' " Newton v. City of Grundy Center, 246 Iowa 916, 920, 70 N.W.2d 162, 164.

 The pleadings may have been vulnerable to a motion to strike or a motion for more specific statement before answer or other motions after issue was joined, but we believe the trial court improperly sustained the motion to dismiss.

Reversed and remanded.

All Justices concur.