JOHN MACK et al., Appellants, v. INDEPENDENT SCHOOL DISTRICT OF CORNING et al., Appellees; F. O. AKIN, Intervener, Appellant.

**SCHOOLS AND SCHOOL DISTRICTS:** Elections—Irregularities—Ef-
1 fect. A school election will not be held invalid (in the absence of any showing of prejudice) because all the members of the board acted as judges of election, instead of only the president, secretary, and one director, as provided by statute. (Sec. 4195, Code of 1924.) (See Book of Anno., Vol. 1, Sec. 719, Anno. 1.)

**CONSTITUTIONAL LAW:** Limitation on Indebtedness—"Taxable
2 Property" Defined. "Taxable property" embraces "moneys and credits," within the meaning of the constitutional provision which limits municipal indebtedness. (Const., Art. XI, Sec. 3.)

Headnote 1: 35 Cyc. p. 992.  Headnote 2: 35 Cyc. p. 974.

*Appeal from Adams District Court.*—HOMER A. FULLER, Judge.

DECEMBER 15, 1925.

INJUNCTION proceeding to prevent the defendant from issuing school bonds voted at a special election. On trial, the district court refused the prayer of the petition, and dismissed the same. Plaintiffs appeal.—*Affirmed.*

*Meyerhoff, Gibson & Watts* and *John W. Bixby,* for appellants.

*Tinley, Mitchell, Ross & Mitchell* and *Stanley & Stanley,* for appellees.

ALBERT, J.—On the 7th of May, 1925, a special election was held in the Independent School District of Corning, at

which was submitted the question of issuing bonds for the amount of $160,000, for the purpose of constructing and equipping a schoolhouse and procuring a site therefor. On submission to the voters, this proposition was carried by a very substantial majority. Thereafter, the appellants herein instituted this proceeding, to enjoin the board from issuing the bonds. One F. O. Akin intervened, and the intervention and the original case were consolidated, and submitted on the same evidence.

Section 4195, Code of 1924, provides, among other things, that:

"The president and secretary of the board, with one of the directors, shall act as judges of the election. If any judge of election is absent at the organization of the meeting, the voters present shall appoint one of their number to act in his stead."

1. SCHOOLS AND SCHOOL DIS-TRICTS: elections: irregularities: effect.

It appears that, in the present instance, all of the members of the board, in addition to the president and secretary, were chosen as judges of the election. By reason of this fact, the appellants urge that the election was void. To our minds this is merely an irregularity, at most, and would not invalidate the election unless prejudice is shown to have resulted therefrom.

In so far as the submission of this question to the voters is concerned, and the results determined, there is nothing in the record to show that any prejudice whatever resulted from the fact that all of the members of the board acted at different times as judges of the election. We had a somewhat similar question before us in the case of *Chambers v. Board of Directors*, 172 Iowa 340, and there recognized the rule that, unless prejudice of some kind is shown, the irregularity would not invalidate the election. We so hold in this case.

It is further urged that the court erred in not granting the injunction prayed for, because the voting of this amount of bonds created an indebtedness on the part of the district in violation of the Constitution of the state of Iowa. Section 3 of Article 11, Constitution of Iowa, provides:

2. CONSTITUTIONAL LAW: limitation on indebtedness: "taxable property" defined.

"No county or other political or municipal corporation shall be allowed to become indebted in any manner,

or for any purpose, to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation—to be ascertained by the last state and county tax lists, previous to the incurring of such indebtedness.''

It was stipulated in the case as follows:

''That the actual value of the real and personal property within the school district, as shown by the last state and county tax list, is the sum of $1,881,360, and that the actual value of the moneys and credits, as shown by said tax list, is the sum of $1,883,470.''

It was further stipulated that:

''The two species of property above denominated constitute the aggregate of the actual value of the taxable property within the independent school district involved, as ascertained by the last state and county tax list previous to the incurring of which indebtedness, provided the plaintiffs do not concede that the item of moneys and credits, as a matter of law, could be or should be classified as taxable property, and reserve that question for consideration in the case.''

Under this stipulation it is apparent that, if moneys and credits are included within the terms ''taxable property,'' as used in the Constitution, then the Constitution has not been infracted. Little discussion is needed on this proposition, as the question is quite thoroughly discussed by this court in *McLeland v. Marshall County*, 199 Iowa 1232, and disposed of adversely to the claim of appellants.

Subdivision 10 of Section 48, Code of 1897, defines the word ''property'' as including both personal and real property. The case of *Miller v. City of Glenwood*, 188 Iowa 514, throws some light on this, but the question has been foreclosed by the decisions of this court adversely to the contentions of appellants herein.

These being the only two questions raised in this case, and it having been determined that the appellants' contention cannot be sustained on either, it follows that the district court's ruling is correct.—*Affirmed*.

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.