WILLIAM KIRCHOFF et al., appellants, v. HUMBOLDT COMMUNITY
SCHOOL DISTRICT et al., appellees.

No. 50564.

MARCH 6, 1962.

John H. Mitchell, of Fort Dodge, for appellants.

Alan Loth, of Fort Dodge, for appellees.

HAYS, J.—Action to enjoin issuance of school bonds in the amount of $1,325,000 upon the claim that the election, at which they were authorized by an affirmative vote of more than 60% of the electors of defendant school district, was illegal and void.

At the outset we would call attention to rule 344, R. C. P. No pretense even has been made to comply with this rule by appellants. The proposition advanced as a basis for a reversal, called "error" in the brief, is an omnibus one and is as follows: "The * * * election * * * was illegal, void and invalid in that several mandatory, clear and unambiguous provisions of the 1958 Code, regulating school elections, were violated and not complied with * * *." Only as a matter of grace, not of right, do we give consideration to this appeal. See McCubbin v. Urban, 247 Iowa 862, 77 N.W.2d 36; Miller v. Griffith, 246 Iowa 476, 66 N.W.2d 505.

Apparently two propositions are relied upon by appellants: (1) election not presided over by the proper officials; and (2) ballots not handled as required by law. While presented in the brief as one proposition, we have considered them separately.

I. As to the presiding officials.

Section 277.10, Code of 1958, relied upon by appellants, in part provides: "In corporations consisting of one voting precinct the president and the secretary of the board, with one of the directors shall act as judges of the election. If any such judge of election is absent or refuses to serve, the voters present at the polls shall appoint one of their number to act in his stead." It is upon the alleged failure to comply with the provisions of the last sentence of the above quote that appellants rely.

The record shows the judges, as designated by said section 277.10, were appointed and they qualified. Prior to the opening of the polls, two other directors were appointed to act as relief judges. They likewise qualified. During the election they relieved various of the statutory judges for short intervals of time and also assisted with the canvass of the votes after the polls were closed. Solely upon the above situation, without any

allegation or proof of fraud or prejudice, violation of above quoted section and resulting illegality of the election is asserted. Assuming, but not holding, that said section is applicable to the instant situation we find nothing that invalidates the election even though there may have been a technical violation thereof.

Chambers v. Board of Directors, 172 Iowa 340, 346, 154 N.W. 581, 583, presents a very similar situation and we there said: "* * * the judges who were selected were at least *de facto* officers, and the election should not be invalidated because of irregularities in the manner of their selection. The rule universally adopted is that irregularities in the selection of election judges will be disregarded unless prejudice be shown." In Mack v. Independent Sch. Dist., 200 Iowa 1190, 1191, 206 N.W. 145, we said: "It appears that * * * all of the members of the board, in addition to the president and secretary, were chosen as judges of the election. * * *. To our minds this is merely an irregularity, at most, and would not invalidate the election unless prejudice is shown to have resulted therefrom."

II. As to the handling of the ballots.

As to this the record shows that the secretary of the board had 5000 ballots printed which were delivered to her in several packages or boxes. She gave no receipt therefor. Prior to election day one package was opened to obtain ballots for absent voters. The remaining ballots were taken to the polls, where those left in the opened package were folded and prepared for voting. Later in the day another package was opened and thus prepared. After the polls were closed and the voted ballots counted and tabulated, they were placed in a box containing the unused ballots and all locked in the vault in the school building. At the time of the counting others than the judges were present and the final result was known though not publicly announced. The following morning the secretary opened the vault, placed the voted ballots in a package which was sealed and preserved. The unused ballots were placed in the wastepaper basket and destroyed. The preserved ballots were used by appellants upon the trial. As to this proposition no fraud or prejudice is alleged or proved.

Section 277.33, Code of 1958, states, "So far as applicable all laws relating to the *conduct of general elections and voting*

*thereat* and the violation of such laws shall, except as otherwise in this chapter provided, apply to and govern all school elections." (Italics ours.) Appellants' brief appears to single out sections 50.8 to 50.12, Code of 1958, as having been violated and thus invalidating the election. We assume, but do not hold, that under section 277.33, supra, chapter 50, Code of 1958, entitled *Canvass of Votes*, is made applicable to school elections, and we devote our attention only to those sections of said chapter specifically referred to by appellants.

Section 50.8 is entitled "Error on state or district office—tie vote". This is clearly not applicable to a school election. Section 50.9, entitled "Return of ballots not voted", requires the election judges to return ballots not voted or spoiled ones to be returned to the officer charged with their distribution, a receipt taken, and they shall be preserved for six months. Section 50.10 requires the distributing officer to keep a record of ballots delivered for each polling place and a record of all ballots returned and by whom. Section 50.11 requires, after all ballots are tabulated, one of the judges shall publicly announce "the number of votes for, and the number of votes against, any proposition which shall have been submitted to a vote of the people" and he shall notify the county auditor of such result. Section 50.12 provides that the judges shall string upon a wire all ballots counted, except certain rejects, knot the wire, seal the knot and enclose in an envelope which shall then be sealed. All ballots are then to be returned to the officer from whom they were received and preserved for six months.

Turning again to section 277.33, supra, it will be seen that two conditions must exist in school elections before the general election laws apply. (1) They must be applicable and (2) no specific provision, contrary to the general laws, is provided under chapter 277, dealing with school elections. We are unable to see wherein any of the sections, 50.8 to 50.12 inclusive, are applicable to a school election where the school district contained only one voting precinct. The appellants seek to handle this situation as if it were one consisting of several precincts, but even then and conceding the facts to be exactly as claimed by appellants, this election should not be held invalid.

We think the rule is well expressed in Younker v. Susong, 173 Iowa 663, 670, 156 N.W. 24, 27, where it is said, "Legislative restrictions upon the exercise of the right of suffrage are enforced by the courts without hesitation to the very letter, so long as they relate to matters within the control of the individual voter. But, with respect to regulations regarding the conduct of others, the effort is to seek such a construction of the law as will accomplish, rather than defeat, the expressed wishes of the people."

In Turnis v. Board of Education in and for Jones County, 252 Iowa 922, 927, 109 N.W.2d 198, 201, it is said, "While most courts generally follow the rule that after an election has been held the statutory regulations are construed as directory, they qualify it by saying that in the absence of fraud or bad faith or constitutional violation, an election which has resulted in a fair and free expression of the will of the legal voters upon the merits will not be invalidated because of a departure from the statutory regulations governing the conduct of the election, except in those cases where the legislature has clearly and unequivocally expressed an intent that a specific statutory provision is an essential jurisdictional prerequisite and that a departure therefrom shall have the drastic consequences of invalidity."

In short, after an election has been held and the voters have spoken, such election will not be held invalid and the voice of the people thwarted in the absence of fraud, prejudice or definite legislative pronouncement thereon. None such appears herein.

The decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.