**Dan BRUTSCHE et al., Appellants.**

v.

**COON RAPIDS COMMUNITY SCHOOL DISTRICT et al., Appellees.**

No. 2–59834.

Supreme Court of Iowa.

June 29, 1977.

Gerald W. Magee of Cudahy, Wilcox, Handley, Magee & Polking, P.C., Jefferson, for appellants.

M. P. Barron and James M. Richardson, Audubon, H. Richard Smith and Lance A. Coppock of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellees.

Heard by MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

REES, Justice.

This appeal had its genesis in an action brought by plaintiffs, all residents of Carroll, Guthrie, Greene and Audubon Counties, and of the Coon Rapids Community School District of Carroll County, to overturn a school bond election held on January 13, 1976, and to enjoin the defendant school board from issuing and selling bonds authorized by the voters at the school election. The trial court found for the defendants and dismissed the plaintiffs' petition, and this appeal resulted. We find no error and affirm the trial court.

In this election, two propositions were submitted to the electors; the first proposition sought authority to issue $1,900,000 in bonds to finance a new school building, and the second proposition authorized the levy of the necessary tax to fund the same. Plaintiffs state the following issues for review which they assert require a reversal:

1. The canvass of the election which was held on the Monday following the election is contrary to § 277.20, The Code, requiring such canvass to be held on the Friday following the election, and therefore the election is void.

2. Defendant school board did not officially notify the commissioner of elections to call a special election and did not take legal, official action to submit the second proposition to the electors, both of which are jurisdictional requirements for a valid election.

3. The requirements of § 53.22 of the Code, providing for voting in nursing homes and hospitals, were not complied with, rendering certain votes illegal and their intermingling with other absentee ballots rendered all absentee ballots void.

4. The trial court acted improperly in specially assigning the case for trial and further improperly overruled a motion for new trial on that basis, contrary to rule 181.2, Rules of Civil Procedure, and rule 2 of the local court rules for District 2b of the District Court of Iowa.

5. The defendant school district proposes to expend funds from a special bond election for an athletic field, contrary to the exact proposition submitted to the voters for the construction of a school building.

■ I. The record clearly establishes that the canvass of the election involved in this case was held the first Monday following the day of the election. The plaintiffs contend the canvass so held is contrary to § 277.20, The Code, which requires the canvass to be held on the Friday following the election, and that the failure to canvass the votes at the time provided violates a legislative mandate and voids the election. The trial court found that the canvass complied

with § 50.24, The Code, which provides for the canvass on the Monday following the election. We find no need to decide whether the canvass should have been held on Friday instead of Monday. We do not consider the question presented to be a matter of substance, but rather a mere irregularity, if in fact the canvass was not held at the proper time. " 'As a general rule, mere irregularities in the conduct of a school election * * * do not affect the result of the election * * *.' " *Harney v. Clear Creek Community School District,* 261 Iowa 315, 319, 154 N.W.2d 88, 90 (1967), quoting *Honohan v. United Community School District,* 258 Iowa 57, 137 N.W.2d 601 (1965).

We therefore find no merit in plaintiffs' first issue.

We note that the 66th General Assembly amended § 277.20 so as to eliminate any ambiguity in future elections. It provides for application of § 50.24 to special school district elections.

■ II. Plaintiffs set out certain objections to the school board procedures which they contend constitute jurisdictional defects in the election process. Plaintiffs contend that § 296.3, The Code, which requires the election date to be set within 10 days after the electors' petition is filed was violated. The voters' petition was not presented until the July 10 meeting. The election date was set at the July 10 meeting, clearly within the 10-day limit.

Plaintiffs also contend that the second election proposal, authorizing taxation to fund the bonds in accord with § 298.18, was never authorized by the board at a legal meeting. This contention arose out of an incorrectly dated entry in the minutes book of the board.

A meeting was held on August 25, 1975. All board members attended and adopted the resolution authorizing the election. The resolution itself was introduced into evidence at trial. However, the minutes book shows no entry for the August 25 date.

The secretary of the school board testified that she had incorrectly dated the minutes book August 8 instead of August 25.

She did not discover the error until she attended the trial hearing of this case on June 9, 1976. Nothing in the record indicates that anyone knew of this error until that time.

The proposal adopted at the August 25 meeting was not attached or entered into the minutes book. We agree with the trial court that neither the incorrect date in the minutes book nor the failure to include the adopted proposal in the minutes book constitute irregularities which affect the legality of the board meeting. No prejudice was alleged. No one was misled by the error nor was the election outcome affected or influenced. The resolution was properly and timely delivered to the commissioner of elections in his official capacity.

There is no merit in plaintiffs' contention the election is void due to procedural irregularities. The voters filed a petition seeking a bond election pursuant to § 296.2, The Code. The board set the election as directed by law, and adopted a proposal to authorize taxes to fund the bonds according to § 298.18, The Code. We find no jurisdictional defect in the board's procedure.

III. Plaintiffs next contend that certain absentee ballots voted by patients in nursing homes were not taken properly and handled in conformity with the requirements of § 53.22, The Code.

■ In its decree trial court observed the evidence adduced by the plaintiffs indicated irregularities did take place in connection with the voting of absentee ballots. The court found there was evidence that two election officers designated by the election commissioner had not subscribed to oaths, or at least were not properly sworn in immediately before they assumed their duties for this particular election. The court found, however, that the election commissioner testified that he had administered the oath to one Jensen, one of the two designated officers, and that the other had served in the same capacity in prior elections and had presumably been given the oath earlier. The court properly observed that this court held in *Dishon v. Smith,* 10

Iowa 212 (1859) that failure to take the oath will not void an election, and this appears to be the law to this day. We concur in the trial court's observation in this regard.

■ The plaintiffs further contend the officers were not appointed from the election board panel in keeping with § 49.13, The Code, which requires the commissioner of elections to appoint from the election board panel as is provided in § 49.15, The Code. Section 49.15 requires the commissioner of elections to compose the election board panel not less than 20 days before each primary election, and the commissioner's testimony indicated there was no such election board panel and he himself selected the officers and in fact they were appointed just shortly before the election, approximately on January 3. Plaintiffs contend that since the statute requires the officers to be appointed not less than 15 days before the election, they were not properly appointed.

It is apparent that no list was submitted to the commissioner by the chairpersons of the political parties, as is required by § 49.-15. The trial court found that there being no such list, the authority of the commissioner was so broad as to make the furnishing of the list a technical requirement at most; that the commissioner may place additional names on the list and in effect ignore the list anyway if he feels his acquaintanceship with one or more reliable citizens dictates the appointment of another person as an election official. It appears the commissioner selected members of the two major political parties and the persons selected were experienced and reliable. Obviously, the commissioner was diligent in seeing that the election workers were qualified and able to conduct a fair election.

The record discloses that in the taking of absentee ballots at a nursing home in Coon Rapids only one election official signed and stamped the absentee voters' affidavit contrary to the provisions of § 53.22, The Code. The record, however, establishes that the two election officials who were charged with the duty of handling the absentee ballots of persons confined in the Coon Rapids nursing home facility had had explained to them in advance by the election commissioner the procedure in taking such ballots. They testified both of the officials were with each absentee voter when the ballot was marked, and that they conscientiously observed each other in the performance of their duties. Irrespective of the fact they may have erred in some technical detail in connection with the taking of the ballots, it appears the ballots were delivered in person by the election commissioner to election official Larry Jensen at Iowa Savings Bank, Jensen's place of employment, and the other official, Schumacher, came to the bank almost immediately and they went together to the nursing home and performed their duties. They then returned to the bank and handed to the waiting election commissioner the container with the ballots and affidavits therein. It does not appear the ballots were ever out of the possession of election officials, with the exception of two ballots. One of the two was from a person temporarily residing in a nursing home in Carroll, and it appears she made application under the regular absentee voter law, and that her ballot was handled in accordance with the regular requirements for absentee voting. Obviously a citizen may elect to follow the regular provision for absentee voting, and for her to do so, as the trial court observed, cannot serve to deprive her of her voting privilege. With respect to the other ballot, it was mailed to a person who returned it unmarked, and it was later delivered by the commissioner to his election official to be cast by a voter who had made her request after the commissioner had arrived in Coon Rapids, thus obviating the need for a return trip to Carroll to secure another ballot.

Employing the standard announced in *Harney, supra,* we find there is no merit in this issue stated by plaintiffs for review.

■ IV. Plaintiffs contend the trial court acted improperly in specially assigning this case for trial in the District Court.

A chronological listing of the pleadings and preliminary orders in this case will

serve to illustrate the conclusion we reach here.

Plaintiffs' petition was filed on February 18, 1976 and defendants' answer on March 4, 1976. Defendants then filed a certificate of readiness for trial on March 17, and mailed a copy thereof to plaintiffs' counsel on March 22. A counterclaim which defendants had filed was dismissed by them on the same date, March 22, 1976. On March 23 an order was entered specially assigning the case for trial, and on the same date an order was entered fixing the case for trial directing that the trial commence on May 6, 1976 at 9:30 A.M. On the same date, March 23, 1976 an order was entered by the trial court fixing a pretrial conference under rule 136, R.C.P., to be held at 2:00 P.M. on April 12, 1976. On March 25, 1976 plaintiffs filed their resistance to the certificate of readiness for trial.

On or about April 15, 1976 the trial court entered its order on the motion to strike and motion to vacate and resistance to certificate of readiness for trial. The trial court observed the matter should proceed to trial speedily due to the nature of the action but the court had indicated at the pretrial conference it would change the date and reassign the case by specific assignment for June 9, 1976 at 9:30 A.M. It therefore found that the resistance to the certificate of readiness and the motion to strike the same became moot and no rulings were made thereon. The court in its order indicated it had been assured by counsel that discovery in all matters could be completed if the cause could be postponed for approximately one month and the matter should stand for trial on June 9, 1976.

We agree with the trial court that the reassignment rendered moot the questions posed by plaintiffs. The trial court was required to control its assignment with a view to expediting the trial of all cases and particularly a case of the character of the one before us here. We find no substantial violation of rule 181.2, R.C.P., or of the local district court rule for District 2b which plaintiffs claim were violated by the court.

We therefore find no merit in this issue stated for review.

V. In its final issue for review, the plaintiffs assert the improvement contemplated by defendants is not the same proposition submitted to the voters of the Coon Rapids School District, and that the defendant school district proposes expending funds from the bond election for an athletic field contrary to the exact proposition submitted to the voters for the construction of a school building.

The evidence showed a sample ballot was published by the commissioner of elections and that the proposition to be submitted to the voters appeared on the same page of the newspaper carrying the sample ballot.

After a fair and unbiased reading of the record in this case, we are unable to find any substantial showing made by the plaintiffs that the defendant school board presently plans to construct an athletic field. The district court so found and we agree.

It is true, of course, that the Coon Rapids School Board has no power to expend funds for any project not authorized by the voters in this election. We conclude there had been no showing that the bond proceedings and the election were not in substantial compliance with the laws of this state. If the school board were to attempt to utilize the proceeds of the bond election for any purpose not encompassed by the proposition submitted to the voters, a proper remedy is available to any citizen to test the propriety of the action of the board.

We perceive no merit in this issue stated for review.

VI. It was the duty of the trial court and of this court on review to sustain an election authorized by law if it had been conducted so as to give a free and fair expression of the popular will. Taxpayer suits may be maintained to test the validity of elections with regard to fraud, misrepresentation or contrary legislative declaration. Mere irregularities which do not prevent a full and free expression of the will of the electors and do not affect or change the result will not invalidate an election. The

rule has been applied to irregularities in petitions, proclamations, notices, calls for elections, registration of voters, ballots, appointment of election officers, time and place of the election, reception of illegal or improper votes, exclusion of qualified voters from the polls, and in counting and canvassing the returns. The courts are obviously anxious to sustain rather than to defeat the popular will. Likewise, mere irregularities in the proceedings calling the election do not invalidate bonds, especially where the statutes so provide. Furthermore, a bond election will not be held invalid on account of a disregard of merely directory provisions of election laws where a similar disregard would not render an election of officials invalid. See McQuillin, Municipal Corporations, Vol. 15, § 40.14, p. 276. "All presumptions are in favor of the validity of the election, and as said above, it will not be vitiated by mere irregularities." McQuillin, *supra,* Vol. 15, § 40.16, p. 285; *Kirchoff v. Humboldt Community School District,* 253 Iowa 756, 113 N.W.2d 706 (1962); *Headington v. North Winneshiek Community School District,* 254 Iowa 430, 117 N.W.2d 831 (1962); *Harney, supra,* at p. 90 of 154 N.W.2d. Only substantial, rather than strict, compliance is required of the notice of an election. The courts seek to sustain the will of the electorate by liberal construction of the applicable statutes, and treat them as directory rather than mandatory after the voters have spoken. *Stanley v. Southwestern Community College Merged Area, Etc.,* 184 N.W.2d 29, 40 (Iowa 1971).

On the whole record, we find no error and affirm the trial court.

AFFIRMED.