**Kermit LEE, Appellee,**

v.

**Roger Eilert RAND, Appellant.**

**No. 64605.**

Supreme Court of Iowa.

Dec. 17, 1980.

J. Allen Orr, Sioux City, for appellant.

Lowell C. Kindig and Stanley E. Munger of Kindig, Beebe, Rawlings, Nieland & Killinger, Sioux City, for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

We must here decide the winner of a drainage district trustee election ·conducted in Woodbury County in January 1979. The main issue presented concerns the validity of an absentee ballot which the election judges refused to count. Their decision was reversed by the court of contested county elections but subsequently reaffirmed by the district court on appeal. Upon our de novo review, we affirm the district court.

On January 20, 1979, an election for one position as drainage district trustee was conducted in the Farmers Drainage District of Woodbury County, in accord with chapter 462, The Code 1979. The number of votes available to each eligible voter was determined by assessment, as provided in section 462.12. The ballot bore the name of candidate Kermit Lee, an incumbent trustee of the district, and a blank in which the name of any write-in candidate could be placed. Due to a dispute over the possible

annexation of a particular area into the district and incumbent Lee's support for that proposed annexation, certain eligible voters in the district decided to support a write–in candidate, Roger Rand, who opposed the annexation proposal.

Following completion of the voting, the election judges determined that the absentee ballot of Charles E. Lakin, which had been cast as a write–in for Rand, was invalid. Absent the inclusion of that ballot, incumbent Lee's vote total exceeded that of Rand, and the election officials therefore certified Lee as the winner of the election. Had the Lakin ballot not been invalidated, however, Rand would have received the greater number of votes cast. Hence, this dispute centers in its entirety around the validity of the Lakin ballot.

After Lee's certification, Rand proceeded to contest the result of the election, pursuant to chapter 62, The Code 1979. Following proceedings, the court of contested county elections determined that Rand should have been certified as the winner of the election. Lee then appealed the contest court's decision to the district court, as provided by section 62.20. After receiving and evaluating the evidence, the district court overruled the determination of the court of contested county elections, finding that while Lakin had signed the absentee ballot, someone else had written in Rand's name and marked the "x" in front of it on the ballot. As the result of this determination that Lakin had not voted the absentee ballot himself, the court further concluded that he had failed to comply with the statutory requirements pertaining to the affidavit on and endorsement of the carrier envelope for preserving the ballot. See §§ 462.12(2), (3).

 As earlier noted, chapter 462 delineates the procedure for the conduct of elections of drainage district trustees. We observe initially that section 462.12 provides for voting by absentee ballot as provided in chapter 53, The Code 1979, the general absent voters statute, with the exception that the form of the application for ballots, the voters' affidavits on the envelopes and the endorsement of the carrier envelope for preserving the ballot shall be substantially in the form provided by that section. § 462.12. Thus, section 53.15, which provides that qualified electors shall mark their absentee ballots unless blind, unable to read or otherwise incapable of doing so because of physical disability, is applicable in this case. Also pertinent is section 462.-13, which allows voting by agent or proxy in drainage district elections except where the votes are determined by assessment pursuant to section 462.12, the procedure utilized here. In light of these statutory provisions, it is apparent that Lakin must necessarily have marked the challenged ballot himself in order for it to be valid and counted for the number of votes proportionate to the assessed value of his landholdings in the district. Thus, the question we must decide is whether the district court's determination that the challenged ballot was in fact voted by someone other than Charles E. Lakin is supported by the evidence. This being an equitable proceeding, our review of the district court's decision is de novo. See *Devine v. Wonderlich*, 268 N.W.2d 620, 623 (Iowa 1978); § 62.20, The Code. As such, we give weight to the fact findings of that court, especially when considering the credibility of the witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

Lakin did not reside in the drainage district, maintaining instead a home and office in Omaha, Nebraska. Tom Roberts, his son–in–law, managed the Lakin property and farming operation within the district, and resided in the area. In deposition, Lakin stated that after receiving the absentee ballot he discussed whom to vote for with Roberts, and that this discussion included the name of Rand. He further related that he then asked Roberts to write in Rand's name on the ballot, and that after some thought he subsequently placed the "x" in the square preceding Rand's name, signed, folded and placed the ballot in the carrier envelope, and sealed it while in the presence of his office manager and notary, Thomas Pribil. The district court, however, found that the preponderance of the evidence clearly showed that Lakin signed the ballot but sent it unmarked in an unsealed en-

velope to Roberts, who then wrote in Rand's name, placed the "x" on the ballot and sealed and delivered the envelope to the election officials. Thus, the district court concluded that Roberts had cast the ballot, not Lakin.

■ From our independent review of the record we draw the same conclusion as did the district court. Like the district court, we find that there was conflict with Lakin's testimony concerning the signing and sealing of his absentee ballot. While Pribil recalled filling in and notarizing the affidavit on the ballot envelope, he did not specifically remember seeing Lakin sign and seal the ballot. Moreover, the ballot envelope was notarized on the fifteenth of January, prior to Rand's agreement to seek the office of trustee. Although discussion of the annexation issue and the possibility of support for a write-in candidate had apparently taken place for several days preceding the election, the record supports the district court's finding that Rand "had not consented to run for the office" until January 19, the day before the election. Further, in several previous elections Roberts had voted Lakin's ballot through a power of attorney, and, significantly, Roberts told Rand before this election "I'm going to vote you in." Finally, the uncontradicted testimony of Duane L. Barton, a documents expert with the Iowa Department of Criminal Investigation, indicated that the name "Roger Rand" on the challenged ballot was written by someone other than the author of the "Charles E. Lakin" signature, and that while the ink which produced the "x" and the name "Roger Rand" was compatible, the ink which produced the Lakin signature was from a different source. As indicated above, we agree with the district court that Roberts, rather than Lakin, actually voted the ballot in question and that it was therefore properly invalidated.

■ We need not decide whether noncompliance with the requirements of section 462.12 pertaining to marking and sealing the ballot in the presence of a notary would alone constitute a sufficient basis for voiding an absentee ballot where it has otherwise been marked by the eligible voter himself. Nor should our decision be read as any departure from prior cases in which we stated that statutes regulating the right to vote must be construed liberally in favor of giving effect to the voter's choice and that where the voter's intent can be fairly ascertained from his ballot, the vote should be counted. *See Devine*, 268 N.W.2d at 623; *see also Beck v. Cousins*, 252 Iowa 194, 106 N.W.2d 584 (1960). *Cf. Brutsche v. Coon Rapids Community School District*, 255 N.W.2d 337, 339–40 (Iowa 1977) (mere irregularities in conduct of absentee balloting procedure would not affect result of school bond election). The problem before us is not one of ascertaining the intent of a voter where there has been an irregularity in his marking of a ballot, or of a failure to comply with a technical or mechanical statutory voting requirement. Rather, the only question decided here is whether an eligible voter exercised his right to vote, or whether his ballot was actually cast by another.

Rand has also raised issues concerning the fairness of the actions of the drainage district trustees and their attorneys in the conduct of this election contest, which we have carefully examined. Under our de novo review, we find nothing in the record which would substantiate these contentions.

Accordingly, the decree of the district court is affirmed.

AFFIRMED.